SHIDELER *v.* CLINTON TOWNSHIP on the relation of CHOEN.

EXEMPTION FROM WORKING ON HIGHWAYS.—The certificate required by section 9, 1 G. & H. 589, is made the rule of evidence, and the means of presenting the facts to the supervisor of roads in the township in which such certificate is issued, and is *prima facie* evidence of the facts stated; and the burden of proof is thereby thrown on the supervisor of showing that the certificate is false.

APPEAL from the *Cass* Common Pleas.

GREGORY, J.—This was a suit brought by *Choen,* supervisor of road district No. 3, in *Clinton* township, *Cass* county, against *Shideler,* for failing to work on the highways of his district, after being warned so to do. The action was commenced before a justice of the peace. There was a jury trial before the justice; a finding for the plaintiff for $2; and appeal by defendant to the Court of

Common Pleas. The defendant filed a set-off for lumber and stone furnished in repairing the highways of the district, claiming therefor $15. Trial by the court; finding for the plaintiff for $2, and judgment. Motion for a new trial overruled, and defendant excepted, but filed no bill of exceptions. At the request of the defendant, the court made a special finding of the facts as follows:

"1. That the plaintiff, *Choen,* was duly elected and qualified as supervisor of road district No. 3, in *Clinton* township," *Cass* county, *Indiana,* at the special election of 1861; and that the defendant at the time was aged over twenty-one years, and resided in said road district.

"2. That a list of persons, residents of said district, liable to perform work on the highways, had been duly returned to the township trustee in 1861; that the defendant's name was included in this list, and the necessary preliminary steps were taken to require him to do work on the highway, according to law.

"3. That the defendant was duly notified to perform two days' work on the highway by said *Choen* in 1861.

"4. That when named and notified to work on the highways by the said *Choen,* as above mentioned, the defendant produced to said *Choen* a written certificate, made by the trustee of said township in *1861,* which is in these words, to-wit:

"'*Clinton Township, Cass Co., Ind., May* 24, 1861.

"'I hereby certify that *George A. Shideler* is exempt from highway labor, in consequence of his being an acting member of a legally organized fire company in said county.
"'ANDREW YOUNG, *Trustee.*'

"Sufficient in form to exempt the defendant from performing labor on the highways in said township; said certificate of exemption being based on the ground that the defendant was then an acting member of a legally organized fire company, which corporation was some four miles from defendant's residence, and in another township; that

said certificate was obtained by the defendant without his using any fraudulent means to procure the same; but his purpose was not to work under the plaintiff, *Choen,* and he resided some four miles from the city of *Logansport,* where said company keeps its engine and other property.

" 5. That the articles of association, which the defendant and others signed, not having been recorded in time after the same were signed, the company to which the defendant belongs is not a legally organized fire company, from the fact that the company was attempted to be organized in 1857, never had the articles of association recorded until 1862, six months after the commencement of this suit.

" 6. That the defendant has furnished one thousand feet of lumber, at $10 per thousand, ($10,) and five perches of stone, at $1 per perch, ($5,) amounting in all to $15, for the supervisor of district No. 3; but that it was done voluntarily by him in repairing the roads in said road district No. 3, and without authority from the supervisor, and of no benefit to the township, and never accepted by the township.

" The conclusions of the law are, that this court may go behind the acts of the township trustees in granting certificates exempting men from labor on the highways, without any fraud being practiced in procuring such certificate, and determine from the facts in the case whether such certificate should have been granted by the township trustee; that the stone and gravel hauled, having been voluntarily furnished, affords no ground of set-off; that the legislature never intended that any and all persons who join a legally organized fire company should be exempt from working the highways, but simply to be extended to those residing within hearing of the sound of the fire-bell, or at least to such persons as in an emergency could be available in extinguishing fires; that a township trustee is not a judicial but a ministerial officer, whose acts in this case may be inquired into; that, by reason of the facts,

the plaintiff should recover of the defendant the sum of $2," etc.

The principal question involved in this case is this, what is the effect to be given, under the facts found, to the certificate granted to the defendant by the township trustee?

The following is the statutory provision on this subject: " On application to the township trustee, any person liable to work on highways may be exempt therefrom, if it be shown he is unable from bodily infirmity to work thereon, and that he is too poor to pay the commutation therefor; also, any person belonging to any legally organized fire company; and in such cases the township trustee shall execute to such person a certificate thereof, which shall, on being presented to the supervisor, entitle him to such exemption." 1 G. & H., sec. 9, p. 589.

A certificate of what? Not of exemption, but of the fact, in the latter case, that the person to whom it is granted belongs to a legally organized fire company, and *the fact thus certified* shall entitle the holder to exemption from working on the highways.

It is the evident intention of the legislature to make the *existence* of certain facts the ground of exemption.

It is true that the trustee of the township is alone clothed with the power to give the necessary certificate of the facts.

The case at bar has no analogy to the case of *The Evansville, Indianapolis, and Cleveland Straight Line Railroad Co.* v. *The City of Evansville*, 15 Ind. 395. In that case the power to borrow money was involved, affecting the rights of third persons; the question to be determined was, whether the requisite number of the freeholders of the city had petitioned for the subscription in question. In such a case, public safety required that the determination shall be conclusive. But here the question was one in which the individual to whom the certificate was issued was alone to be benefited, and the public to be

injured. *Shideler's* purpose was not to work under *Choen*, the supervisor, and to effect his object he joined a fire company having no legal organization, having its engine, etc., at a distance of four miles from his residence, and then procured the township trustee to give him a certificate stating a falsehood. In such a case, it is very clear that *Shideler* is not protected by a certificate issued under such circumstances. But as the judge, in his special finding, says "that said certificate was obtained by the defendant without his using any fraudulent means to procure the same," it remains for this court to say what is the legal effect of the certificate in question.

The certificate is made the rule of evidence, and the means of presenting the facts to the supervisor of roads in the township in which such certificate is issued, and is *prima facie* evidence of the facts stated, and the burden of the proof is thereby thrown on the supervisor, of showing that the certificate is false.

The township trustee acts ministerially and not judicially in issuing the certificate.

The conclusion of law on the other question involved is clearly right.

The judgment of the Court of Common Pleas is affirmed. Costs here.

*L. Chamberlain*, for appellant.
*Daniel D. Pratt* and *Daniel P. Baldwin*, for appellee.