The State, *ex rel.* Waggoner and Others, *v.* Needham and Others.

---

THE STATE, on the Relation of WAGGONER and Others, *v.* NEEDHAM and Others.

GRAVEL ROAD.—*Act of* 1865.—*Constitutional Law.*—The act of March 6th, 1865 (Acts 1865, Reg. Sess., p. 90), "to allow county commissioners to organize turnpike companies," &c., is not in conflict with section 1 of article 10 of the constitution, or with that part of section 22, article 4, which prohibits the General Assembly from passing local or special laws for the assessment and collection of taxes for state, county, township, or road purposes.

JURISDICTION.—*Collateral Proceeding.*—Where the jurisdiction of an inferior

court depends upon a fact which such court is required to ascertain and settle by its decision, such decision is conclusive, except in a direct proceeding to reverse or set aside the judgment.

SAME.—*County Commissioners.*—*Gravel Road Company.*—*Information.*—It is not a sufficient ground for an information, under the code, for an unlawful exercise of corporate power by the defendants as a gravel road company organized under the act of 1865, that the petition to the board of county commissioners provided for in the first section of said act was not subscribed by the owners of, or persons representing, three-fifths of the real estate for three-fourths of a mile on each side of such proposed road.

INFORMATION.—*Corporation.*—*Gravel Road Company.*—Where such an information alleged, that certain persons whose names were subscribed to the petition to the county commissioners, did not sign it or authorize their names to be signed thereto, but did not aver that they did not appear before the county commissioners at the time the permit was granted to them to become a corporation; and it was also alleged that certain other persons, whose names were signed, did not own the land taxed to them, but the information did not show that, taking the county auditor's books as correct, the omission of the names in question would have changed the result;

*Held,* that these averments were not sufficient to show that the defendants were not a legal corporation.

APPEAL from the Johnson Circuit Court.

GREGORY, J.—This is a proceeding by information, under the code, against the appellees, for an alleged unlawful exercise of corporate power in the construction of a gravel road.

The corporation which is assailed in the information is the "Franklin and Sugar Creek Gravel Road Company," which was organized under the act of March 6th, 1865, (Acts 1865, Reg. Sess. p. 90).

The question made in this case, as to the constitutionality of the law under which the appellees claim to act as a corporation, was settled by this court in *Law* v. *The Madison, &c., Turnpike Co.,* 30 Ind. 77. There are two other grounds upon which it is claimed that the appellees are not a legal corporation.

The first is, that the petition to the county commissioners was not subscribed by the owners of, or persons representing, three-fifths of the real estate three-fourths of one mile on each side of the road.

Under the act of 1865, the county commissioners, as a court, passed upon this question, and their judgment is conclusive in a proceeding like the one under consideration.

It is a well settled principle, that where the jurisdiction of an inferior court depends upon a fact which such court is required to ascertain and settle by its decision, such decision is conclusive, except in a direct proceeding to reverse or set aside the judgment. *The E., I., & C. Straight Line R. R. Co.* v. *The City of Evansville*, 15 Ind. 395; *The Board of Com. of the County of Knox* v. *Aspinwall*, 21 How. S. C. 539.

The other ground is, that certain persons whose names were subscribed to the petition did not sign it, or authorize *their* names to be signed thereto; and that certain other persons whose names were signed did not own the land taxed to them.

The facts averred in the information on this point are not sufficient to show that the appellees are not a legal corporation.

The certificate of the auditor was made from the facts appearing upon the records of his office; and that certificate is made evidence before the commissioners' court. A mistake in an assessment could not go to the validity of the corporation. In contemplation of law, the petitioners appeared in the commissioners' court at the time the permit was granted to them to become a corporation. The information does not negative the fact of such appearance. If they so appeared, it is a matter of indifference whether they actually signed the petition or not, so their names were appended thereto. Nor does the information show that, taking the auditor's books as they actually were, the omission of the names in question would change the result.

No representation to the auditor as to what appeared of record in his office could be a fraud on him.

The court below sustained a demurrer to the information and rendered final judgment against the appellants. There was no error in this.

Judgment affirmed, with costs.

*B. F. Davis, S. P. Oyler, D. W. Howe,* and *J. S. Miller,* for appellants.

*W. R. Harrison, W. S. Shirley, C. Byfield, D. D. Banta, G. M. Overstreet,* and *A. B. Hunter,* for appellees.