Blair *v.* Lanning.

---

## BLAIR *v.* LANNING.

ATTORNEY.—*Lien on Judgment for Fees.— When Taken.—Collection by Clerk —Costs.—Principal and Agent.— Ratification. — Agreed Statement.* — Judgment for a certain sum having been rendered for the plaintiff in an action, and against him for costs of the action for a larger amount, the judgment defendant paid to the clerk of the court the amount of the plaintiff's judgment, before it had been entered up on the order book, which was the next day.  The day succeeding such entry the plaintiff's attorney in such action took a lien on the said judgment for his reasonable fees, which just equalled the amount of the judgment, and demanded the same of the clerk, which the latter refused, claiming the right to apply the same on such judgment for costs.  Such facts, and also the insolvency of said judgment plaintiff, appearing from an agreed statement submitted by the parties in an action by such attorney against the clerk, for the money so collected,

*Held*, such payment having been made to the clerk prior to the passage of the act authorizing clerks to receive money on judgments of record, that the clerk thereby became merely the agent of the plaintiff in receiving the money on the ratification of his act by the latter, that such lien was taken in time, and that the plaintiff is entitled to recover.

Blair *v.* Lanning.

SUPREME COURT.— *Reinstating Appeal.— Notice.— Res Adjudicata.— Petition for Rehearing.*—When it is made to appear to the Supreme Court that notice was given to the opposite party of a motion to reinstate an appeal which had been dismissed, an order reinstating such cause is *res adjudicata,* and no question as to the giving of such notice can be presented on petition for a rehearing.

From the DeKalb Circuit Court.

*L. J. Blair,* for appellant.

*R: W. McBride* and *J. L. Morlan,* for appellee.

NIBLACK, J.—On the 5th day of March, 1875, the following agreed statement of facts was filed in the court below, under the statute now known as sec. 386, p. 190, 2 R. S. 1876 :

"Lewis J. Blair   } DeKalb Circuit Court,
    *v.*
"Joseph R. Lanning. }     December term, 1874.

"It is agreed, that, on the 15th day of December, 1874, Charles Meek obtained a judgment in said court against Mary A. Martin for $20, and that the costs of said action were adjudged against said Meek, and amount to over $20. It is further agreed, that, immediately after the rendition of said judgment; and before it was entered up in the Order Book of said court, said Martin paid said judgment to defendant herein as clerk of said court. It is further agreed, that said judgment was entered in the Order Book of said court, on the 16th day of December, 1874, and that, on the 17th day of said month, plaintiff, who was the attorney of record and [in] fact of said Meek in said cause, took a lien on said judgment in due form for his fees as said attorney, which lien is in words and figures following :

"'I hereby take a lien on this judgment for my fees as attorney in this case of $20. December 17, 1874.

"'L. J. BLAIR.'

by writing the same on the margin of the same page of said Order Book where said judgment was entered up.

" It is further agreed, that $20 is a reasonable fee for plaintiff's services as attorney for Meek in said cause.

" It is further agreed, that plaintiff demanded of defendant said $20, and that defendant refused to pay him the same, claiming that he, defendant, as clerk of said court, had the right to retain said $20 to pay on the costs of said action, a portion of which is due him as said clerk; and it is further agreed, that said Charles Meek is notoriously insolvent.  LEWIS J. BLAIR,

" J. R. LANNING."

And the cause being submitted to the court upon said agreed statement of facts, the court decided, that, as a question of law arising from the facts as thus agreed upon, the plaintiff was not entitled to recover of the defendant said sum of twenty dollars so demanded by him, to which conclusion of law the plaintiff at the time excepted. *Fisher* v. *Purdue*, 48 Ind. 323.

Judgment was thereupon rendered for the defendant.

Under the law as it was when said judgment of Meek against Martin was rendered, the defendant, as clerk of the DeKalb Circuit Court, had no lawful authority to receive the money due on that judgment. *Hays* v. *Boyer*, 59 Ind. 341. But we see no reason why Meek, or any one else entitled to the proceeds of the judgment, might not ratify the clerk's assumed agency in receiving the money so due on such judgment, and demand of him to account for the money. At all events, it is not competent for the defendant to deny his agency for the plaintiff in the judgment, when he received the money on the judgment.

It seems to have been objected in the court below, that, as the lien was not taken on the day on which the judgment was rendered, it was not, for that reason, a valid lien.

The act to entitle attorneys to hold liens on judgments bears date December 20th, 1865, and is as follows:

" That any attorney practising his profession in any court of record in this State, shall be entitled to hold a

lien for his fees on any judgment rendered in favor of any person or persons employing [him] as such attorney to obtain the same : *Provided*, That such attorney shall, at the time such judgment shall have been rendered, enter in writing, upon the docket or record wherein the same is recorded, his intention to hold a lien thereon, together with the amount of his claim." 1 R. S. 1876, p. 149.

This act was, in some respects, loosely drawn, and must be liberally, rather than literally, construed, to make it effective for the purposes it was evidently intended to accomplish. A judgment is rendered when it is announced by the court, *Anderson* v. *Mitchell*, 58 Ind. 592; and a literal construction of this act would require a notice of lien to be entered when the judgment was rendered. Yet, taking the whole act together, that is clearly not its meaning, as the entry of his intention to hold a lien must be entered on the docket or record in which such judgment is already recorded, which, being fairly construed, means, that such entry of intention must be entered on the record of the judgment after the judgment has been entered of record by the clerk.

If, then, this entry of notice of lien may be made after the entry of judgment by the clerk, it follows, we think, that it may be made at any time within a reasonable time afterward, and we are of the opinion, that the day following the entry of judgment ought to be considered within a reasonable time, provided the rights of third parties shall not, in the mean time, have intervened, and especially as entries of judgments by the clerk are not usually approved and signed by the judge before the day following the one on which they are entered. *Johnson* v. *Ballard*, 44 Ind. 270.

We are brought to the conclusion, that the court erred in its decision upon the conclusions of law to be drawn from the facts as agreed upon by the parties, and that the judgment ought to be reversed.

The judgment is reversed, at the costs of the appellee,

and the cause is remanded, with instructions to the court below to render judgment for the plaintiff.

### ON PETITION FOR A REHEARING.

NIBLACK, C. J.—The appellee has filed a petition for a rehearing in this case, alleging, amongst other things, as a reason in support of his petition, that the appeal, having once been dismissed, the cause was wrongfully reinstated in this court without notice to the appellee.

At the time the cause was reinstated, it was made to appear that notice of the motion to reinstate it had been given to the appellee. The order reinstating the cause is therefore an adjudicated matter, and we can not now, on a petition for a rehearing, go into the question as to whether notice of the motion to reinstate was in fact actually given to the appellee or not.

The other reasons assigned in support of the petition do not raise any new question material to the cause, and hence need not be discussed in detail here.

The petition for a rehearing is overruled.

Original opinion filed at November term, 1877.
Opinion on petition filed at May term, 1878.