Argo *et al. v.* Barthand *et al.*

———————◆———————

No. 9560.

ARGO ET AL. *v.* BARTHAND ET AL.

PUBLIC DITCH.—*Assessments.—Judgment.—Injunction.—County Commissioners. —Jurisdiction.—*A complaint to enjoin the collection of assessments for a public ditch constitutes an indirect attack upon the proceedings and judgment of the board of commissioners. In this case the alleged defects (for which see opinion) do not affect the jurisdiction, and furnish no ground for an injunction.

JUDGMENT.—*Collateral Attack.*—The proceedings, orders and judgments of inferior courts can not be assailed collaterally on account of mere errors or irregularities.

JURISDICTION.—*Presumptions.*—If it appear affirmatively that, in reference to the proceeding, which is brought into question, the tribunal had jurisdiction by law of the subject-matter, and had lawfully acquired jurisdiction of the parties, the same presumptions will be indulged in favor of the proceedings had as if the court were one of general powers. And the verity of these presumptions can not be questioned collaterally.

From the Allen Superior Court.

80    63
125   463

80    63
130   222

80    63
135   374

80    63
155   496

80    63
f167   54

*A. Zollars,* for appellants.

*J. Q. Stratton* and *R. Stratton,* for appellees.

Woods, J.—The appellees sued the appellants, as the auditor and treasurer, respectively, of Allen county, to enjoin the collection of certain assessments made in aid of the construction of a public ditch.

The appellants have assigned error upon the overruling of their demurrer, for want of facts, to the complaint; and this presents the only question which it is necessary to consider.

The complaint purports to contain and set out a complete transcript of the proceedings before the board of commissioners concerning the ditch and assessments, and specifies the following objections thereto:

1. That the petition set forth in the record is insufficient to give the board jurisdiction over the subject-matter, or to authorize them to act in the matter, because it does not appear on the face of the petition, that the persons who signed the same were owners of lands to be affected by the construction of the proposed ditch, and for the further reasons, that the petition does not contain any sufficient description of the route, and terminus of the ditch.

2. That the board had no authority to appoint viewers, or to proceed, for the reason that the board did not hear proof as to whether the petitioners were owners of lands to be affected by the proposed ditch, and did not in any manner ascertain said facts, or cause them to appear of record in the matter.

3. That the viewers acted without authority, for the reason that the warrant issued to them by the auditor did not contain a certified copy of the petition, or order of the board appointing them, or any copy of said petition, or order.

4. That the warrant issued to the viewers was insufficient and void, for the reason that it did not contain a sufficient description of the beginning, route and terminus of the proposed ditch, or of the lands and premises to be affected thereby.

5. That the report of the viewers is insufficient to authorize any further proceedings, for the reason that it contains no description of the beginning, route and terminus of the ditch as located by them, and no description or designation whatever as to where they located the ditch, and no description of the premises through which the ditch was to be constructed; because it does not contain any description of the beginning, route and terminus of the ditch, nor a sufficient description of the county road to be affected by the ditch; and for the reason that it does not locate any flood-gates, water-ways, bridges or farm-crossings, that might be constructed over the ditch by owners of land, and does not determine whether any such gates, etc., are necessary.

6. That the notice given by the auditor is insufficient to give the board jurisdiction over the persons of the plaintiffs, and others, whose lands would be affected, for the reason that it does not contain a description of the beginning, course, direction and terminus of the ditch as located by said viewers, but only copies the petition; that it does not show that the viewers located the ditch, and that fact nowhere appears on the face of the proceedings; and because it did not contain the names of the owners of land to be affected by the construction of the ditch, but sets forth the names of several of said persons, whose lands are attempted to be described and assessed for the construction of said ditch, by initials.

7. That the notice does not contain a sufficient description of the public highway assessed for the construction of the ditch.

8. That the final order and judgment locating the ditch, is illegal, null and void, by reason of the facts aforesaid; and for the further reason, that the board of commissioners did not hear proof that the viewers appointed in the matter were at the time of their appointment and acting, or at any time after their appointment, resident freeholders and householders of the county, and not interested in the construction of the

ditch, and not of kin to the parties interested, and the board did not hear evidence as to said facts, nor cause the same to appear of record.

9. That the final order, and all proceedings preceding it are illegal and void, for the reason that the board of commissioners heard no evidence as to whether the ditch was a necessary work, and conducive to public health, or of public benefit, or utility, and that the board did not ascertain said facts, nor adjudge them to be true; and the record does not show affirmatively, that said facts were so found by the board.

10. That the ditch, attempted to be described, in the petition, was intended to empty into another public ditch, which had not been constructed, and after the filing of the petition for the ditch in question, an appeal was taken from the proceedings to open the other ditch, and, on the appeal, the proceedings in relation thereto were dismissed, and that ditch has never been constructed; and if the ditch in question should be constructed, it would have no outlet, and would cause water to flow upon the lands of appellees, to their damage, and would be no benefit to anyone.

This complaint is clearly bad. It involves a collateral attack upon the proceedings and judgment of the board of commissioners, in a matter where by law the board might have jurisdiction; and the objections stated in the complaint are not such as affect the validity of the proceedings, but at most are mere errors and irregularities, which might have been made the grounds for an appeal, but furnish no support to an application for an injunction.

It has been often decided by this court and must now be regarded as firmly settled that the proceedings, orders and judgments of inferior courts can not be assailed in a collateral way on account of errors and irregularities merely; and that if it appears affirmatively that in reference to the proceedings and judgment brought into question, the tribunal had jurisdiction by law of the subject-matter, and had according to law acquired jurisdiction of the parties concerned, the

same presumptions will be indulged in favor of the proceedings had, as if the court had been one of general powers; and the verity of these presumptions can not be questioned collaterally. *Stoddard* v. *Johnson,* 75 Ind. 20, and cases cited; *Hume* v. *Little Flat Rock Draining Ass'n,* 72 Ind. 499; *Goddard* v. *Stockman,* 74 Ind. 400; *Mullikin* v. *The City of Bloomington,* 72 Ind. 161; *Miller* v. *Porter,* 71 Ind. 521; *Porter* v. *Stout,* 73 Ind. 3; *Houk* v. *Barthold,* 73 Ind. 21; *Featherston* v. *Small,* 77 Ind. 143; *The Board, etc.,* v. *Hall,* 70 Ind. 469.

In these cases and cases cited therein, most of the exact questions presented in this record, and the principle which controls all of them, have been decided.

The judgment is reversed, with costs, and with instruction to sustain the demurrer to the complaint.

Petition for a rehearing overruled.