## BOARD OF COMMISSIONERS OF MONROE COUNTY v. CONNER.

[No. 18,758. Filed November 27, 1900.]

GRAVEL ROADS.—*Injunction.*—*Counties.*—An action will not lie to enjoin the board of county commissioners from letting a contract, under the provisions of §§6924–6933 Burns Supp. 1897, for the construction of a free gravel road, because of irregularities in the election, since an adequate legal remedy is given by §7859 Burns 1894, granting an appeal from the action of the board of commissioners in such cases. *pp. 485-493.*

Board, etc., v. Conner.

STATUTES.—*Reënactment.*—*Construction.*—Where a statute has been construed by the courts of the State, and the same is substantially reënacted, the legislature adopts such construction, unless the contrary is clearly shown by the language of the act.  *p. 496.*

From the Monroe Circuit Court.    *Reversed.*

*J. E. Henley* and *J. B. Wilson,* for appellant.

*R. W. Miers, Edwin Corr, H. C. Duncan* and *I. C. Batman,* for appellee.

MONKS, J.—This is an appeal from a judgment enjoining appellant from letting a contract for the construction of two free gravel roads in Bean Blossom township, under the provisions of §§6924-6934 Burns 1894 (Acts 1893, p. 196), as amended by the act of 1895, §§6924-6933 Burns Supp. 1897. (Acts 1895, p. 143.)

The errors assigned call in question the sufficiency of the complaint.  It appears from the complaint that appellee was, at the commencement of the action, a voter and taxpayer of the township in which the free gravel roads were about to be constructed.  The following reasons were alleged why appellant should be enjoined:

"(1)  The inspector of said election at precinct number one was ineligible to serve as such, because a large claim for damages had been allowed him by the reviewers of said road, and he was thereby interested in the result of said election.

"(2)  Because Edward O. Wampler, one of the judges of the election at precinct number one, was neither a freeholder, nor a householder.

"(3)  The election officers at said precinct fraudulently counted in favor of the building and improvement of each of said roads, forty votes, which were legally cast against the building and improvement thereof, thereby changing an actual majority of the legal votes cast at said election against the building and improvement of each of said roads, to an apparent majority in favor of the building and improvement thereof.  That said election officers in said

precinct fraudulently failed to count a large number of legal votes which were cast against the construction of each of said roads, as cast. That a majority of the legal voters in said township, at said election, voted against the building and construction of each of said roads, but the election officers in said precinct number one fraudulently returned said votes, and changed the returns of said election so as to show an apparent majority in favor of the building of each of said roads, which said result was certified to the board of commissioners of said county."

The act of 1893 (Acts 1893 p. 196, §§6924-6934 Burns 1894) as amended by the act of 1895 (Acts 1895 p. 143, §§6924-6933 Burns Supp. 1897), provides for the construction of free gravel roads on the petition of fifty freeholders, citizens of the township or townships where the roads proposed to be constructed are located, the question to be submitted to the voters of said township or townships, at an election to be called by the board of commissioners of the county.

Appellee brought this action to enjoin appellant from letting a contract for the construction of certain free gravel roads under the provisions of said act of 1893, as amended in 1895.

The settled rule in this State is, that a person is not entitled to relief by injunction or writ of mandamus, if there is another adequate remedy. *Board, etc., v. Dickinson,* 153 Ind. 682, 686 and cases cited; *State v. Real Estate, etc., Assn.,* 151 Ind. 502, 503, and cases cited.

If, therefore, there was another adequate remedy for the grievances alleged in the complaint, the court erred in overruling the demurrer thereto.

The first section of said act, §6924 Burns Supp. 1897 (Acts 1895, p. 143), provides that "the vote on said question shall be certified by the proper officers of said election to the board of county commissioners of the county, and if at said election a majority of those voters [voting] on said

question are in favor of building such road or roads, the commissioners shall at once proceed to the construction of the same, but not otherwise."

The act of 1889 (Acts 1889 p. 276) being §§6953-6959 Burns 1894, provides for the purchase of toll roads, on petition of fifty freeholders, citizens of the township or townships where said toll road is located, the question to be determined by the voters of said township or townships, at an election to be called by the board of commissioners of the county. It is provided in the first section of said act of 1889, being §6953, *supra,* "The vote on said question shall be certified by the proper officers of said election to the county commissioners, and if at any such election a majority of those voting on said question are in favor of said purchase, the commissioners shall make said purchase, but not otherwise."

We find on examination of said act of 1889, and the act of 1893 and the amendment of 1895, that they are substantially the same, except that the first named act provides for the purchase of toll roads, while the last named act provides for the construction of free gravel roads. It is evident that the provisions of the acts of 1893 and 1895, concerning the taxing district, the petition, notice of election, election, issuance of bonds, and levy of taxes to pay the bonds, and the powers of the board of commissioners, and all other essential provisions, are copied from said act of 1889.

In *Gilson* v. *Board, etc.,* 128 Ind. 65, 11 L. R. A. 835, the appellant, a resident taxpayer of the township in which the toll road was located, commenced an action to enjoin the board of commissioners from levying a tax as provided in section five of said act of 1889 to pay the principal and interest of the bonds issued by the board of commissioners under section three of said act, in payment for the toll road purchased under the provisions of said act of 1889. The court said: "The statute before us confers upon the board

of commissioners of the county exclusive original jurisdiction to receive and pass upon the sufficiency of the petition, the sufficiency of the report made by the persons appointed to ascertain the consideration to be paid for toll roads, the sufficiency of the notice of election, and the result of the election. In passing upon these questions the board of commissioners acts in a judicial capacity. These matters must all be passed upon by the board before the order for the purchase of the road is entered. When the order for the purchase of the road is made these questions are, therefore, conclusively adjudicated. Objections to the petition, notice, appraisement, or regularity of the election, must be made, if made at all, before the final order for the purchase of the road is entered by the board of commissioners. *Jackson* v. *State,* 104 Ind. 516; *Peters* v. *Griffee,* 108 Ind. 121; *Mc-Mullen* v. *State,* 105 Ind. 334; *Young* v. *Sellers,* 106 Ind. 101; *Million* v. *Board, etc.,* 89 Ind. 5; *Dewey* v. *State,* 91 Ind. 173; *Stoddard* v. *Johnson,* 75 Ind. 20; *Osborn* v. *Sutton,* 108 Ind. 443; *Ely* v. *Board, etc.,* 112 Ind. 361; *White* v. *Fleming,* 114 Ind. 560; *Strieb* v. *Cox,* 111 Ind. 299; *Black* v. *Thompson,* 107 Ind. 162; *Hobbs* v. *Board, etc.,* 116 Ind. 376; *Board, etc.,* v. *Hall,* 70 Ind. 469; *Reynolds* v. *Faris,* 80 Ind. 14; *Hilton* v. *Mason,* 92 Ind. 157; *Hill* v. *Probst, etc.,* 120 Ind. 528; *Loesnitz* v. *Seelinger,* 127 Ind. 422.

"Under the authorities above cited it must be held that the questions involving the sufficiency of the petition, the regularity of the report of those appointed to appraise the road, the sufficiency of the notice of election, and the regularity and result of such election, are questions which were adjudicated by the board of commissioners of Rush county before entering an order for the purchase of the toll road named in the complaint, and, having been so adjudicated by that tribunal, they are not subject to an investigation in a collateral proceeding like this."

In *State, ex rel.,* v. *Board, etc.,* 131 Ind. 90, appellant

brought an action to compel appellee, by mandamus, to complete the purchase of a toll road, after appellee had, notwithstanding the election was in favor of the purchase, entered an order refusing to make said purchase. The court held that mandamus would not lie to compel the board to make an order for the purchase, for the reason that the board in such case acts judicially. That the remedy was an appeal under §7859 Burns 1894, §5772 R. S. 1881 and Horner 1897.

In *Dayton Gravel Road Co.* v. *Board, etc.,* 131 Ind. 584, a proceeding for the purchase of a toll road under the act of 1889, *supra,* before the board of commissioners, a final order was made refusing to purchase the toll road. From this order an appeal was taken to the circuit court. Afterwards that court on motion dismissed the appeal, on the ground that there was no appeal in such a proceeding from the decision of the board of commissioners. This court held that appellant had the right to appeal from the order of the board of commissioners refusing to purchase said toll road under §7959 (5772), *supra,* and reversed the judgment, with instructions to overrule the motion to dismiss the appeal in said cause.

The act of 1869, and the amendments thereof (Acts 1869 p. 97, §§5340-5357 Burns 1894, §§4045-4062 R. S. 1881 and Horner 1897), authorizing counties and townships to aid in the construction of railroads, by taking stock in, and making donations to the same, is, in many respects, substantially the same as the act of 1889; and the act of 1893 as amended in 1895. It provides for a petition, notice of election, and an election, to be called by the board of commissioners, and the power of the board to subscribe the stock or make the donation depends upon the vote at said election. Said act requires the proper officers of said election to make a statement of the whole number of votes cast, and the number for the appropriation to the railroad company, and the number against it. Section twelve of said act, being

§5351 Burns 1894, §4056 R. S. 1881 and Horner 1897, provides that, "If a majority of the votes cast shall be in favor of such railroad appropriation, the board of county commissioners, at its ensuing regular June session, shall grant the prayer of said petition, and shall levy a special tax of at least one-half the amount specified in said petition," etc.

It has been uniformly held by this court under said act, that when the board of commissioners entered an order either granting the prayer of said petition, or refusing to grant the prayer thereof, that said order is not subject to collateral attack, by injunction or writ of mandamus, but the only remedy is an appeal under §7859 Burns 1894, §5772 R. S. 1881 and Horner 1897. *Hill* v. *Probst,* 120 Ind. 528; *Hilton* v. *Mason,* 92 Ind. 157; *Goddard* v. *Stockman,* 74 Ind. 400; *Brocaw* v. *Board, etc.,* 73 Ind. 543; *Board, etc.,* v. *Hall,* 70 Ind. 469; *Faris* v. *Reynolds,* 70 Ind. 359; *Jones* v. *Cullen,* 142 Ind. 335; *Pittsburgh, etc., R. Co.* v. *Harden,* 137 Ind. 486; *Bell* v. *Maish,* 137 Ind. 226.

In *Goddard* v. *Stockman, supra,* the appellant sued to enjoin the collection of a tax, levied under said act of 1869, to aid in the construction of a railroad. One of the objections to the validity of the tax was, that ten persons who voted for the appropriation were not legal voters of the township, so that upon the legitimate vote there was a majority of nine against the appropriation. The court said: "There is obvious necessity that the will of the people in the matter of aiding in the construction of a railroad, as expressed at the polls, should in some way be authoritatively ascertained once for all. If left open to every taxpayer, in a suit brought at his own pleasure, to go behind the returns of the officers of election and the determination of the county board, a measure supposed to be of public importance can not be securely accomplished. * * * As was said in *Shideler* v. *Clinton Township,* 23 Ind. 479, 'In such

a case, public safety required that the determination shall be conclusive.' * * * In this case there was not only an official return of the vote by the sworn officers of election, but the county board made a finding that the majority of the voters at the election were in favor of the appropriation. Against these views the counsel for the appellant say: 'It has, however, never been the duty of any court or tribunal to pass upon the legality of these votes. When the ten illegal voters offered to vote, all the board of judges could do was to require the oath and affidavit required by §21, 1 R. S. 1876, p. 439, and then, by §22, they must receive the vote. They acted in a ministerial and not a judicial capacity. When the board of canvassers met and organized, all they could do was, as commanded by statute, §10, 1 R. S. 1876, p. 738, to "carefully compare and examine the papers, and shall prepare and sign a statement of the whole number of votes cast, and the number for such appropriation to the railroad company and the number against it." No power to hear evidence or purge the polls is given them. The statute further provides (§11) that this statement shall be filed with the auditor, and recorded, and by §12, that, "If a majority of the votes cast shall be in favor of such railroad appropriation, the board of county commissioners, at their ensuing regular June session, shall grant the prayer of said petition." There is no provision made for any trial, any adversary proceedings or the hearing of any evidence, other than the statement filed by the board of canvassers with the auditor.' If convinced of the truth of these views, and that the appellants have never had any legal means of contesting the election, or the return thereof made by the canvassers, we should feel compelled to sustain the appeal and to hold that a remedy could be had by injunction. But we entertain a different view of the law. The statute expressly gives to any person aggrieved by any decision of the board of county commissioners a right of appeal therefrom to the circuit court. This right

is not confined to the formal parties to the procedure, but any one, not a party, may show his interest by affidavit and have the appeal. The law for contesting elections is not applicable to elections such as this was, but, nevertheless, there was a practicable way open for making an efficient contest. The law is not, that, if a majority of votes returned be in favor of the appropriation, the board shall grant the prayer of the petition, but, if a majority of the votes cast shall be in favor of such railroad appropriation, the county commissioners, at their regular ensuing June session, shall grant the petition. This means the legal votes cast, and the board has the right to go behind the canvass of the vote and inquire into the truth of the return made; and any individual interested may appear before them and contest the result of the election, and, if aggrieved at the decision of the board, take his appeal to the circuit court. \* \* \* *Brocaw* v. *Board, etc.,* 73 Ind. 543, and cases cited."

It is evident from an examination of the provisions of said act of 1893, as amended by the act of 1895, concerning the construction of free gravel roads, that, under said act, as under the act of 1869, authorizing counties and townships to aid in the construction of railroads, it is the majority of the legal votes cast at the election that controls the action of the board of commissioners, and not the majority returned by the officers of the election. It is clear,therefore, from what was said in the case of *Goddard* v. *Stockman, Treas.,* 74 Ind. 400, that the board of commissioners of Monroe county had the right to go behind the vote as returned by the election officers, and inquire into the truth of the same, and that appellee had the right to appear before said board, at the proper time, and contest the result of said election as returned by the officers thereof, and present any proper objections contained in his complaint in this action for an injunction, and if aggrieved by the decision of the board, take an appeal to the circuit court.

If the board of commissioners in granting or refusing to grant the prayer of the petition for the purchase of toll roads under the act of 1889, *supra,* and in granting or refusing to grant the prayer of the petition to aid in the construction of railroads, under the act of 1869, *supra,* exercises powers of a judicial character as decided by this court, it is clear beyond controversy that the board acts in the same capacity under the act of 1893, *supra,* as amended in 1895. In *Board, etc., v. Reeves,* 148 Ind. 467, 471, it was held that the board did exercise powers of a judicial character in granting or refusing the petition under said act of 1893 as amended. See, also, *Board, etc.,* v. *Harrell,* 147 Ind. 500, and cases cited.

Counsel for appellee insist, however, that "the board of commissioners has no jurisdiction. That when a majority vote for the construction of the road they have but one duty, and that is to go ahead and construct the road. The vote is certified by the proper officers of such election, and the board can not so much as determine whether or not a majority has voted for or against the road. That there is nothing before the board which requires the exercise of any judicial function. That, therefore, no appeal could be taken under §7859 (5772), *supra,* from the action of the board, ordering the construction of said road." The rule declared by this court in regard to appeals from the decisions of the board of commissioners is, that if the decision of the board is judicial in its character, an appeal lies therefrom, under §7859 (5772), *supra,* unless the right of appeal is denied expressly, or by necessary implication, by the statute under which the decision is made. If the decision is made in the exercise of merely administrative, ministerial or discretionary powers, no appeal lies therefrom unless the statute in express terms authorizes an appeal from such decision. *Board, etc.,* v. *Davis,* 136 Ind. 503, 505, and cases cited; *Potts.* v. *Bennett,* 140 Ind. 71.

As we have shown, this court in *Goddard* v. *Stockman,*

74 Ind. 400, decided against the contention of appellee that the board had no power to go behind the return of the votes by the election officers, and held that the board had such power and also the power to hear and try objections thereto, and ascertain and adjudge the number of legal votes cast. In *Grusenmeyer* v. *City of Logansport*, 76 Ind. 549, a petition was presented to the board of commissioners for the incorporation of a town under §§4314-4322 Burns 1894, §§3293-3301 R. S. 1881 and Horner 1897. The city of Logansport filed objections thereto, which were sustained, and the board of commissioners ordered that said petition be dismissed. The petitioner appealed to the circuit court, where, on motion of the said city of Logansport, the appeal was dismissed by the court on the ground that "the law allowed no appeal from such decision of the board of commissioners." The act for the incorporation of towns §§4314, 4322(3293-3301), *supra*, under which said proceedings were brought, provides that if the requirements of the statutes have been complied with, the board of commissioners shall make an order declaring that the territory described, with the assent of the qualified voters thereof, as set forth in said act, be an incorporated town by the name specified in the petition, and shall fix a time and place within said territory within a month thereafter for an election, to determine whether such territory shall be an incorporated town, and give ten days' notice thereof. It is provided that the election officers shall make a statement showing the whole number of votes cast, and the number for and against said incorporation, and return the same to the board of commissioners, who, if the majority of the votes cast be in favor of such incorporation, and if satisfied of the legality of such election, shall make an order declaring said town has been incorporated by the name adopted, which order shall be conclusive of such incorporation in all suits by or against such corporation. Appellee in that case, as a second proposition against the right of appeal, claimed that the power to incor-

porate towns was legislative and that the board in such case exercised a legislative discretion, and that from the exercise of such power there is no appeal. The court in answer to this contention said "The second proposition of the appellant [appellee] is disposed of by *Taylor* v. *City of Ft. Wayne*, 47 Ind. 274. The board has no discretion to grant or refuse the application, if the proper preliminary steps have been taken by the petitioners. The decision of the board in such a case is judicial, and not merely administrative or legislative." The court held that there was an appeal from the decision of the board in said case, saying: "We hold, therefore, that under §31 [§7859 Burns 1894, §5772 R. S. 1881 and Horner 1897] of the general law, there is an appeal from any decision of a judicial character, made by a county board in any proceeding, unless the right is denied expressly or by necessary implication. * * * It can hardly be necessary to add that nothing is herein said or decided which can be construed to imply a right of appeal from the decisions of the boards upon matters of discretion."

There are many cases in this State, in addition to those already cited, holding that, where in a proceeding the board of commissioners have no discretion, but must grant the prayer of the petition, when the requirements of the statute have been complied with, and refuse the same when said requirements have not been complied with, that the decision of the board in granting or refusing the prayer of such petition is judicial in its character. *Board, etc.,* v. *Markle*, 46 Ind. 96, 109-114, and cases cited; *Peele* v. *Board, etc.,* 48 Ind. 127; *State* v. *Boswell*, 50 Ind. 568; *State* v. *Needham*, 32 Ind. 325; *Bowen* v. *Hester*, 143 Ind. 511, 519; *White* v. *Fleming*, 114 Ind. 560, 572-576; *Million* v. *Board, etc.,* 89 Ind. 5, 12-15, and cases cited; *Stoddard* v. *Johnson*, 75 Ind. 20, 29, 30, and cases cited; *Cason* v. *Harrison*, 135 Ind. 330, 333-336, and cases cited; *Board, etc.,* v. *Justice*, 133 Ind. 89, 92-93; *Strieb* v. *Cox*,

111 Ind. 299, 304, 305, and cases cited; *Layman* v. *Hughes,* 152 Ind. 484, 486; *Ely* v. *Board, etc.,* 112 Ind. 361, 366-369, and cases cited; *Hobbs* v. *Board, etc.,* 116 Ind. 376, 381; *Forsythe* v. *City of Hammond,* 142 Ind. 505, 516-518, 30 L. R. A. 576, and cases cited; *Paul* v. *Town of Walkerton,* 150 Ind. 565, 570-575, and cases cited; *Woolverton* v. *Town of. Albany,* 152 Ind. 77, 79, 80, and cases cited; *Argo* v. *Barthand,* 80 Ind. 63, 66, 67, and cases cited.

Moreover, it is a settled rule of statutory construction that when a statute or a part of a statute has been construed by the courts of the State and the same is substantially reenacted the legislature adopts such construction, unless the contrary is clearly shown by the language of the act. *Hilliker* v. *Citizens Street R. Co.,* 152 Ind. 86, 88; *Whitcomb* v. *Rood,* 20 Vt. 49; *The Abbottsford,* 98 U. S. 440, 25 L. ed. 168; Black on Interp. of Laws, 161, 162, and cases cited; Endlich on Interp. of Stat. §§367-369, and cases cited; Sutherland on Stat. Const. §333; Maxwell on Interp. of Stat. pp. 433, 434.

All the provisions of the act of 1869, *supra,* concerning giving aid in the construction of railroads, by counties and townships up to and including the order granting or refusing to grant the prayer of the petition, were substantially reenacted in the act of 1889 for the purchase of toll roads, and in the act of 1893, as amended in 1895, for the construction of free gravel roads. It follows, therefore, that the construction given to said act of 1869 in *Goddard* v. *Stockman,* 74 Ind. 400, and the other cases decided by this court before the said act of 1889, and the act of 1893 as amended in 1895, in regard to the right of the board of commisioners to go behind the return of the vote as made by the election officers, and the right of any party having an interest to appear and contest said result, as well as the right of appeal under §7859 (5772) *supra,* was adopted by the legislature in passing the last named acts.

It follows that injunction will not lie in this case, for the reason that appellee had another adequate remedy. The court, therefore, erred in overruling the demurrer to the complaint.

Judgment reversed, with instructions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.

### CONCURRING OPINION.

BAKER, J.—I concur because I believe less harm will result from holding that the question whether relief in annexation, railroad tax, and free gravel-road cases is to be sought by appeal, or by mandamus or injunction, even if wrongly decided at the start, is now definitely settled by the multiplied adjudications of this court and by the acquiescence of the legislature, than would flow from opening up the controversy in regard to the intrinsic nature of the powers conferred upon and exercised by boards of commissioners in such cases.