## MERIDITH ET AL. *v.* CROWDER ET AL.
[No. 11,661. Filed March 12, 1924.]

1. HIGHWAYS.—*Board of Commissioners.—Action Judicial.—Appeal.*—A board of county commissioners, in hearing a remonstrance by taxpayers to the approval and acceptance of a highway constructed under contract, and in ordering the annulment of a former order accepting the work, acts in a judicial capacity, and from its decision, an appeal can be taken.    p. 224.

2. HIGHWAYS.—*Board of Commissioners.—Acceptance of Highway.—Injunction.*—Since a board of commissioners, in approving and accepting a highway constructed under contract, acts in a judicial capacity, and an appeal lies from its decision, the remedy for an adverse ruling of the board is by appeal, and injunction will not lie (*Buck* v. *Indiana Construction Co.*, 79 Ind. App. 329, distinguished).   p. 224.

3. INJUNCTION.—*Board of Commissioners.—Highway Proceedings.*—The remedy for an adverse ruling of a board of county commissioners, made while the board is acting in a judicial capacity, as in approving or rejecting a highway constructed under contract, is by appeal, and injunction will not lie (*Buck* v. *Indiana Construction Co.*, 79 Ind. App. 329, distinguished). p. 224.

4. INJUNCTION.—*Review of Judicial Action.—Right to Appeal.*—As a general rule, one court will not enjoin another judicial tribunal from acting in a matter over which it has jurisdiction, or where there is a right of appeal.   p. 224.

5. APPEAL.—*Mandate to Trial Court.*—Where the ruling reviewed is the overruling of a demurrer to the complaint, and the complaint is held insufficient on demurrer and could not be amended to state a cause of action, the appellate tribunal will direct the trial court to sustain the demurrer and enter judgment against the plaintiff.   p. 225.

From Fulton Circuit Court; *Reuben R. Carr*, Judge.

Action by John F. Crowder and another against Henry L. Meridith and others. From a judgment for plaintiff, the defendants appeal.   *Reversed.*

*Albert B. Chipman, Hiram G. Miller* and *Arthur Metzler,* for appellants.

*C. C. Campbell,* for appellees.

McMAHAN, J.—Complaint by appellees alleging that the board of commissioners of Fulton County, on petition of the requisite number of freeholder and voters, ordered the improvement of a certain highway under the county unit road law, the contract for such work being awarded to appellees, they entered into a contract for the completion of such work; that the commissioners appointed an engineer and an inspector for said

work and after having obtained permission from the State Board of Tax Commissioners issued and sold bonds in an amount sufficient to pay for such improvement, all as required by law; that appellees completed the work in July, 1921, and called upon the inspector and engineer to make and file their report; that on July 22, 1921, the engineer made an examination of the work and filed his report, together with the report of the chemist, with the auditor of said county, stating that appellees had completed said work according to the plans, specifications and contract; that the inspector had failed and refused to make and file a report; that the board of commissioners, on August 3, 1921, received said engineer's report from the auditor and made an examination of said road and improvement and, after being duly advised, no objections or remonstrances being filed, the commissioners accepted said work as completed and entered of record a judgment of such completion and acceptance and discharging appellees upon their contract; that, as part of said judgment and order, said board ordered and caused the auditor to issue a warrant to appellees in full payment for the balance then due them; that appellees received said warrant and thereafter presented the same to the county treasurer who paid appellees the amount due them on said warrant, and that thereupon the board of commissioners took full control of said road and cared for the same as an accepted piece of work.

It is then alleged that on October 8, 1921, certain taxpayers of said county secured a second report from the said engineer and inspector to be filed with said auditor, which said second report stated that the work had been completed according to the plans, specifications and contract; that thereafter said taxpayers filed with said auditor a remonstrance against the acceptance of said second report; that the board of commissioners fixed

November 28, 1921, for hearing said remonstrance, at which time said board entered upon a hearing of said remonstrance, and set December 12, 1921, as the day when a final order and judgment would be entered thereon; that appellants, as members of said board, had announced that they would, at said meeting to be held December 12, enter an order cancelling and annulling said order and judgment so made by them August 3, 1921. Upon the facts so alleged appellees asked that appellants be enjoined from taking any action to annul or cancel said order of August 3, 1921.

Appellants' answer was an argumentative denial. A demurrer having been sustained to this answer, appellants excepted, and refusing to plead further, the court, after hearing the evidence, found for appellees and entered a decree enjoining appellants as prayed in the complaint. Appellants' motion for a new trial being overruled, they appealed and assign as error the action of the court in overruling the demurrer to the complaint, in sustaining the demurrer to the answer, and in overruling their motion for a new trial.

Appellants contend that the action of the board which appellees were asking to be enjoined was judicial in character and that appellees remedy was by appeal and not by injunction. We think it clear that the board was acting in a judicial capacity. *Southern Indiana R. Co.* v. *Railroad Com., etc.* (1909), 172 Ind. 113, 87 N. E. 966; *Board, etc.,* v. *Conner* (1900), 155 Ind. 484, 58 N. E. 828.

Appellees had a right to appeal from an adverse decision of the board of commissioners. Where the proceeding is judicial, it is manifest that the remedy is not by injunction, for a court will not, as a rule, enjoin another tribunal from acting in a matter over which it has jurisdiction, or where there is a right of appeal. *Galey* v. *Board, etc.* (1910), 174 Ind. 181; *Board, etc.,*

v. *Dickinson* (1899), 153 Ind. 682, 688; *Kirsch* v. *Braun* (1899), 153 Ind. 247, 258; *Board, etc.,* v. *Conner, supra.*

*Buck* v. *Indiana Construction Co.* (1923), 79 Ind. App. 329, 138 N. E. 256, cited by appellees is not in point. The acts there involved were administrative in character. Here they are judicial.

The proceedings sought to be enjoined being judicial and appellees having a remedy by appeal this action cannot be maintained. The cause must therefore be reversed because of the action of the court in overruling the demurrer to the complaint. Other questions have been discussed by the parties, but, in view of the conclusion we have reached, such questions are not and need not be considered as they are not involved in this action. It not being possible for appellees to so amend their complaint as to state a cause of action, the judgment is reversed, with directions to vacate all proceedings subsequent to the filing of the demurrer to the complaint, and then to sustain the demurrer to the complaint and enter judgment accordingly.