## DUNCAN v. COX ET AL.

[No. 6,026. Filed June 28, 1907. Rehearing denied October 29, 1907. Transfer denied January 15, 1908.]

1. JUDGMENT.—*Jurisdiction.* — *Boards of Commissioners.* — *Railroads.*—*Subsidies.*—The granting, by the board of commissioners, of the prayer of a petition for a railroad subsidy election, is a conclusive adjudication of all antecedent facts upon which the jurisdiction of the board depends. p. 64.

2. BOARDS OF COMMISSIONERS.—*Elections.*—*Validity.*—*Railroads.*—*Subsidies.*—Before a board of commissioners levies a railroad subsidy tax, it is its duty, with or without a remonstrance, to determine whether a valid election has been held in which a majority of the voters have voted in favor of such subsidy; and in determining such fact it has the right to go behind the election returns. pp. 65, 66.

3. ELECTIONS.—*Ballots.*—*Railroads.*—*Subsidies.*—The use of ballots not prepared by the board of election commissioners will, if timely objected to, invalidate a railroad subsidy election. p. 66.

4. RAILROADS. — *Subsidies.* — *Elections.*—*Jurisdiction.*—*Statutes.* — *Directory.*—Upon proper notice, the board of commissioners has jurisdiction over ·all taxpayers of a township for determining whether a railroad subsidy shall be levied; and the fact that such

Duncan v. Cox—41 Ind. App. 61.

board fails to determine the validity of a subsidy election at the June term next succeeding such election, does not deprive it of jurisdiction, such statute so providing (§5476 Burns 1908, §4056 R. S. 1881) being directory. p. 67.

5. BOARDS OF COMMISSIONERS.—*Judicial Questions.—Railroad Subsidies.—Appeal.*—Decisions of boards of commissioners on railroad subsidy petitions are of a judicial nature, and the remedy of parties thereto is by appeal. p. 67.

6. RAILROADS. — *Subsidies.—Remonstrances.—Collateral Attack.—Elections.*—A remonstrance against the granting of a railroad subsidy is directed against the original petition therefor, and is not a collateral attack upon the election held to determine the will of the voters thereon. p. 68.

7. SAME.—*Subsidies.—Character of.—Remonstrances.—Estoppel.*—The grant of a railroad subsidy is a matter of grace, the company having no legal rights therein; and taxpayers are not estopped to remonstrate until the final order of the board is made granting the petition. p. 68.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Petition by Henry C. Duncan for the levy of a railroad subsidy tax, against which Grant Cox and others remonstrate. From a judgment for remonstrants, petitioner appeals. *Affirmed.*

*James E. Kepperley* and *Duncan & Batman,* for appellant.

*Miers & Corr,* for appellees.

RABB, J.—On June 30, 1902, J. M. Fleener and twenty-five other freeholders of Benton township, in Monroe county, filed their petition with the board of county commissioners of said county, asking that the sum of $3,653 be appropriated by said township to aid in the construction of the Indianapolis Southern Railway through said township, in accordance with the laws of the State on that subject, and praying that an election be ordered for the voters of said township to determine the question of making said appropriation, as the statute in such cases provides. The board of commissioners entertained said petition and took the subject under advisement, ordering in the meantime an election to be held at the usual voting places in said Benton township, to

vote on the subject of making said appropriation. Due notice was given of the holding of said election, and said election was held, pursuant to said notice, on July 8, 1902. The board of canvassers thereafter met, on July 10, at the county seat of said county, and in due form made a canvass of the votes cast at said election, and found that said election had been in favor of the making of said appropriation by a majority of two votes, and duly filed the papers with the county auditor. No further proceedings were had in said matter by said board until June 8, 1905, when the appellant, a taxpayer of said Benton township, filed his petition before said board, setting forth that he was a taxpayer of the township, and reciting the facts hereinbefore stated with reference to the filing of the petition for the appropriation and the holding of said election and due return thereof, and praying that a levy of taxes be made by said board of commissioners on the property of said township to raise the sum necessary to make said appropriation. At the same time the appellee and others filed with said board a remonstrance against the granting of said appropriation and the making of said levy, and set forth as a reason why said appropriation should not be granted and levy made, that the election held in said township to vote said appropriation was illegal and invalid, in that the printed ballots used and cast at said election were not prepared and caused to be printed by the county board of election commissioners of said Monroe county, and were not delivered by said election commissioners to the inspector, or other election officers of said Benton township, but were prepared by other persons without authority of law. Upon the presentation of said petitions and remonstrance, and their due consideration, the board of commissioners refused to levy said tax upon the property of the remonstrants, whereupon the appellant appealed to the circuit court. In the circuit court the remonstrance was dismissed as to certain of the taxpayers who had appeared before the board of commissioners, and it was ordered by the court that the clerk

certify this order to the auditor of said county, and the auditor was directed to enter the tax in aid of the construction of said road against the property of each and all of the dismissing remonstrants, the same as if said remonstrance had never been filed. In the circuit court the appellant moved to dismiss the remonstrance, and his motion was overruled by the court. He thereupon filed a demurrer to the remonstrance, which was also overruled, to which rulings of the court exceptions were properly reserved. The cause was submitted to the court for trial, and a special finding had, setting forth the facts hereinbefore stated, and that the facts stated in appellees' remonstrance were true. The court concluded, upon the facts, that the tax mentioned in the remonstrance as to said remonstrators, and each of them, should not be put on the tax duplicate or be collected, and it was ordered and adjudged that the appellant take nothing by his proceeding, and the tax as to each of the remonstrators was declared to be illegal and the levy refused as against the property of the remonstrators. It was further ordered that "this proceeding shall not affect the order heretofore made by the Board of Commissioners of the County of Monroe granting the prayer of the petition for said appropriation, and ordering the levy of said tax on all the taxable property in said township, except upon the property of each of said remonstrants," and that the remonstrators recover their costs in and about this proceeding laid out and expended.

It is earnestly contended by appellant that it was the duty of the board of commissioners at its first regular June session (§5476 Burns 1908, §4056 R. S. 1881) after 1. the return made by the election officers, as shown in the special finding, and as provided by section ten of the act under which the proceedings were had (§5474 Burns 1908, §4054 R. S. 1881) to grant the prayer of the petition filed with it by the taxpayers, and that the appellees are precluded from questioning the validity of the election precisely the same as though the board of commissioners had

done its duty in this respect.  It has been decided in many cases that the action of the board of commissioners in granting the prayer of the petition in cases of this character is a conclusive adjudication of all antecedent facts, upon which its jurisdiction to act in the particular matter depends.   In this case, had the board of commissioners granted the prayer of the petition filed with it, upon which it ordered the election, there could be no question that such act would have been a conclusive adjudication of every fact involving the validity of the election.   This is so for the reason expressed by the Supreme Court of the United States in the case of *Board, etc.,* v. *Aspinwall* (1858), 21 How. 539, 16 L. Ed. 208, and quoted with approval in the case of *Evansville, etc., R. Co.* v. *City of Evansville* (1860), 15 Ind. 395, 420, as follows: " 'Who is to determine whether or not the election was properly held, and a majority of the votes of the county cast in favor of the subscription?  *  *  *  The court is of opinion that the question belonged to the board.  The act makes it the duty of the sheriff to give notice of the election for the day mentioned, and then declares, if a majority of the votes given shall be in favor of the subscription, the county board shall subscribe stock.  The right of the board to act in execution of the authority is placed upon the fact that a majority of the votes have been cast in favor of the subscription; and to have acted without first ascertaining it, would have been a clear violation of duty; and the ascertainment of the fact was necessarily left to the inquiry and judgment of the board itself'."

It was the duty of the board of commissioners in this case to make inquiry and ascertain, before it acted upon the petition, whether a valid election had been held, and 2. it is only after a valid election has been held that the law imposes upon the board of commissioners the duty of granting the prayer of the petition.   The board has the right to go behind the returns to ascertain whether the elec-

tion is valid. *Goddard* v. *Stockman* (1881), 74 Ind. 400. The proceeding is in a sense *ex parte,* the board of commissioners representing the taxpayers of the township, and, in the absence of any remonstrance, it would be the right and duty of said board to make inquiry as to all things relating to the validity of the election. Said board is presumed to do this before it acts, and if, upon inquiry, it finds from facts existing that for any reason the election is invalid, it undoubtedly has the right and it is its duty, to refuse to grant the prayer of the petition.

In the case of *Current* v. *Luther* (1905), 164 Ind. 252, the Supreme Court held that the fact that the printed ballots used at a railroad subsidy election were not prepared by the proper election commissioners will, when timely presented, invalidate the election. This was one of the facts the board was bound to inquire about, and decide in granting the petition.

The appellant is in court asking that the commissioners be required to grant the petition and order the levy. They refuse, because they say that the election was invalid, and whether the facts showing such invalidity are brought to their attention by a remonstrance, or whether they ascertain it for themselves, can make no difference. To entitle the appellant to the relief he seeks, a valid election must be shown; and, inasmuch as it appears in this case that the facts existed which rendered the election invalid, we think appellant was not entitled to a judgment requiring the board of commissioners to grant the prayer of the petition for the appropriation of money to the railroad in question, and the making of the tax levy as prayed for.

The judgment is affirmed.

## On Petition for Rehearing.

Rabb, J.—Appellant earnestly insists that this court erred in holding that the board of commissioners could go behind the returns of the election officers, and hold the rail-

4. road election void, and for that reason refuse the prayer of the petition, without notice, after the lapse of two years' time from the date of the election. It is true the statute §5476 Burns 1908, §4056 R. S. 1881) provides that, at the first June session after the election is held, the board of commissioners shall, if a majority of the votes cast at the election are favorable to the appropriation, grant the prayer of the petition. But this provision of the statute is merely directory. The board does not lose its jurisdiction by failing to act at that time. All taxpayers in the township are brought into the proceeding by the original notice of the petition, and they remain in, and are bound to take notice of all the steps taken in the proceeding as long as it remains *in fieri,* and it does remain *in fieri* until it is finally disposed of by the board's either granting or denying the petition. If it refuses to grant the petition, it matters not upon what ground, the only remedy of the taxpayers

5. favorable to the appropriation is by appeal. If it grants the prayer thereof, the only remedy of the taxpayer opposed to the appropriation is by appeal. The board acts in a judicial capacity in determining all the questions of the sufficiency of the petition, and all the steps taken that would authorize it to grant the prayer of the petition. *Board, etc., v. Conner* (1900), 155 Ind. 484; *Gilson* v. *Board, etc.* (1891), 128 Ind. 65, 11 L. R. A. 835; *Reynolds* v. *Faris* (1881), 80 Ind. 14; *State, ex rel.,* v. *Board, etc.* (1891), 131 Ind. 90; *Board, etc., v. Hall* (1880), 70 Ind. 469.

Appellant treats the election as being the thing assailed, and claims that the remonstrance is a collateral attack upon

the election. This is a mistaken view. The remonstrance is not a collateral attack upon anything. The election is an incident in the proceeding seeking the appropriation by the township of money to aid in the construction of the railroad. The remonstrance is against the granting of the prayer of the petition in the first instance. It does not seek to nullify the election, but to defeat the granting of the appropriation by the board of commissioners.

All the cases cited by appellant in which the question has arisen, and in which it is held that the attack upon the validity of the proceedings was not seasonably made, have been proceedings to enjoin the collection of the tax after the order of the board of commissioners had been made granting the prayer of the petition. The cases hold that the question is not seasonably presented in those cases, not because of the lapse of time, but on account of the intervention of the judgment of the tribunal whose duty it was to determine the facts presented in the complaint as a ground for restraining the collection of the tax. It was not the lapse of time, but the adjudication that barred the complaining taxpayer. There is no positive law defining when the taxpayer may present his objections to the proceedings, and what we hold is that until they are determined by the tribunal where they are originally pending, they are seasonably presented. There is no question of estoppel arising that could operate against their making the remonstrance at any time before final action by the board. The only persons who are interested or who have any rights to be affected are the taxpayers of the township, and it could not be claimed that any taxpayer had altered his position on account of the delay in presenting the remonstrance. As has been decided in numerous cases, the railroad in whose aid the appropriation is petitioned for has no interest in the subject until the money raised by the tax is in the treasury.

Petition overruled.