## GALVIN ET AL. V. LOGAN ET AL.

[No. 22,558. Filed November 24, 1914. Rehearing denied
January 20, 1915.]

1. INTOXICATING LIQUORS.—*Local Option Elections.—Determination of Result by Board of County Commissioners.—Right of Appeal.*—While under the liqour laws a board of county commissioners may be divested of jurisdiction to grant licenses by the result of a local option election, it has power to go behind the returns of such an election held under the act of 1911 (Acts 1911 p. 363, §8323 *et seq.* Burns 1914), and inquire into the truth of same, and in so doing it acts in a judicial capacity, and from its decision therein an appeal may be taken by one either formally a party or aggrieved by the decision. p. 649.

2. INTOXICATING LIQUORS.—*Local Option Elections.—Determination of Result by Board of County Commissioners.—Right of Appeal.*—The judgment of a board of commissioners, in a proceeding to contest the result of a local option election, that it was impossible to determine the result and directing another election to be held, was a final judgment from which an appeal to the circuit court would lie. p. 650.

From Kosciusko Circuit Court; *William D. Frazer,* Special Judge.

Proceedings on the petition of A. J. Logan and others to contest a local option election. From a judgment of the circuit court dismissing the appeal of Patrick Galvin and others from the order of the board of county commissioners, this appeal is prosecuted. *Reversed.*

*D. V. Whiteleather, F. J. Heller, F. M. McConnell* and *Elmer Leonard,* for appellants.

*Homer Longfellow* and *L. W. Royse,* for appellees.

Cox, J.—An election was held under the provisions of the local option law of 1911 (Acts 1911 p. 363, §8323 *et seq.* Burns 1914), in Washington Township, Kosciusko County, April 29, 1913, to determine whether the sale of intoxicating liquors as a beverage should be prohibited in that township. The result of the election as shown by the returns duly canvassed and certified by the election commission to the board

of county commissioners at the next ensuing term of the latter, showed that there had been cast 268 votes in favor of prohibiting the sale of such liquors as a beverage and 270 votes against such prohibition. Before the board of county commissioners had taken any action on the certificate of the result of the election, appellees filed a petition to contest the election on the ground that the votes of four certain named persons who voted at the election on the question and whose votes were counted were illegal for the reason that such persons had not been residents of the township for a time sufficient to give them a right to vote therein at the election; that the counting of these illegal votes changed the result and that in fact a majority of the legal votes cast was cast in favor of prohibiting the sale of intoxicating liquors as a beverage. Appellants were formally notified of the contest and answered the statement of contest by a general denial. The board of county commissioners after hearing the contest found "that there were votes cast at said election by persons not entitled to vote in said township in a number greater than the apparent majority of the 'no' votes over the 'yes' votes, and from the unsatisfactory state of the evidence, it is impossible to determine how such illegal votes were cast", and therefore impossible to determine which side of the question had carried. On this finding the election was declared void and another election was called on the same petition which was the basis of the one declared void.

Appellants who were applicants for licenses to retail intoxicating liquors in the township and who were made parties to the contest proceeding, perfected in all respects as required by the statute, an appeal from this action of the board of county commissioners to the circuit court under the provisions of §6021 Burns 1914, §5772 R. S. 1881, which gives a general right of appeal from final decisions of this tribunal which involve judicial action. When the matter came up for hearing in the circuit court appellees moved to dismiss

the appeal on two grounds: (1) that jurisdiction of the subject-matter of the proceeding was exclusively and finally in the board of county commissioners and therefore no appeal would lie from its decision; (2) that the decision of the board was not a final judgment. The circuit court sustained appellees' motion and dismissed appellants' appeal from the board. From this action of the circuit court this appeal is brought and the questions involved are presented for review by proper assignment of error.

1. Under the liquor laws, boards of commissioners may be devested of jurisdiction to grant licenses to retail intoxicating liquors by local option elections. In a long line of cases in this State which involve elections to determine the questions of the purchase of toll roads, voting aid to railroads and the building of free gravel roads, it has been held, uniformly and consistently, that where the jurisdiction of such a board is determined by an election it is a majority of the legal votes cast that controls the question and that the board may, in order to determine the true result, go behind the returns certified by the canvassers and purge the polls and decide as to the majority of the legal votes cast for or against the proposition submitted. This it may do either with or without a formal contest. In so doing the board acts in a judicial capacity, for the reason that it must investigate, hear evidence and decide issues; and from its decision an appeal may be taken by one either formally a party, or aggrieved by the decision. *Goddard* v. *Stockman* (1881), 74 Ind. 400; *Harris* v. *Millege* (1898), 151 Ind. 70; *Board, etc.* v. *Conner* (1900), 155 Ind. 484, 58 N. E. 828; *Streben* v. *Lavengood* (1904), 163 Ind. 478, 71 N. E. 494; *Duncan* v. *Cox* (1908), 41 Ind. App. 61, 65, 81 N. E. 735, 82 N. E. 125; *Davis* v. *Hert* (1910), 46 Ind. App. 242, 246, 90 N. E. 634. In *Jay* v. *O'Donnell* (1912), 178 Ind. 282, 98 N. E. 349, the law as declared by the cases just cited was expressly held by this court to be applicable to local option elections under the act of 1911, *supra*, in so far as they up-

hold the power of boards of county commissioners on a formal contest or otherwise to go behind the returns certified by the board of canvassers in such elections and determine the result from the number of legal votes cast. In this case after reviewing some of the cases cited above it was said by Monks, J., who expressed the opinion of the court, on p. 293: ''Under the local option law it is the majority of the 'legal' votes cast at the election that determines whether the board of county commissioners and courts shall have the jurisdiction to grant a license to any person' to sell intoxicating liquors as a beverage within the territory where the election is held, and not the majority returned by the election commissioners and filed with the auditor. * * * It is evident that the Board of Commissioners of the County of Howard had the power to go behind the returns of the election commissioners made to said board and filed with the county auditor, and inquire into the truth of the same, and that appellant had the right to appear before said board at the proper time and contest the result of said election, as returned by said election commissioners, and present any and all questions necessary to determine the number of legal votes cast at said election, in like manner as in free gravel road and railroad aid elections''. If the analogy between such elections requires the cases above cited, to be followed thus far it also requires that they be followed on the question of the right of appeal from the decision of the boards of county commissioners in determining the result of the election, and this we hold. The first ground of appellees' motion to dismiss the appeal in the circuit court was, therefore, not a valid one.

The remaining question is, Was the decision of the board of commissioners that the election was void a final one from which an appeal could be taken? This question must 2. be answered in the affirmative. Assuming without deciding that under the issues before it the board was authorized to render such a decision, it is clear that as to

whatever rights were involved in that particular election whether on the part of those opposing the sale of intoxicating liquors or those favoring it, or persons who were at the time applying for licenses, the decision of the board was a final one the correctness of which appellants were entitled to have reviewed by appeal to the circuit court. Had the decision on the question been the contrary of that which was rendered, appellees if contending for the validity of the election could have appealed from it. *Current* v. *Luther* (1905), 164 Ind. 252, 72 N. E. 556; *Duncan* v. *Cox, supra.* The rule can not be different as to appellants' right to appeal.

Judgment reversed with instruction to the circuit court to overrule appellees' motion to dismiss appellants' appeal from the board of commissioners and for further proceedings.

Note—Reported in 106 N. E. 871. As to the constitutionality of local option laws, see 114 Am. St. 317. See, also, under (1, 2) 23 Cyc. 1915 Ann. 101–New.