CRIST ET AL. *v*. MOLONY ET AL.

[No. 23,152.    Filed June 27, 1918.    Rehearing denied
November 19, 1918.]

1. STATUTES. — *Special Laws.* — *Relocation of County Seat.* —
*"County Business."* — The relocation of county seats is not
"county business" within the meaning of the provision in Art.
4, §22, of the Constitution, prohibiting the general assembly
from passing local or special laws regulating county and town-
ship business.    (*Board, etc.* v. *State, ex rel.*, 155 Ind. 604;
*Board, etc.* v. *State, ex rel.*, 161 Ind. 616, explained.)    p. 615.

2. CONSTITUTIONAL LAW.—*Local and Special Laws.*—*Power of
Legislature.*—The determination by the legislature of the ques-
tion whether a general law can be applicable, as required by
Art. 4, §23, of the Constitution, is conclusive, and not review-
able by the courts.    p. 616.

From Jennings Circuit Court; *James F. Cox,* Special
Judge.

Suit by George M. Crist and others against Daniel
Molony and others.    From the judgment for the de-
fendants, the plaintiffs appeal.    *Affirmed.*

*Miller & Dowling* and *George H. Batchelor,* for appel-
lants.

*H. C. Meloy, J. W. Verbarg, John Clerkin, William
Fitzgerald, F. E. Little* and *Jewett, Bulleit & Jewett,*
for appellees.

TOWNSEND, J.—Appellants sought a temporary in-
junction to prevent the officers of Jennings county from
carrying out the provisions of an act to relocate the
county seat.    Acts 1913 p. 906.

It is contended:    First, that the act is void under
§22 of Art. 4 of our Constitution, which says:    "The
general assembly shall not pass local or special laws
* * * regulating county and township business";
secondly, that if this section does not apply, §23 of
Art. 4 applies, which forbids a special law where a
general law can be made applicable.

That the relocation of county seats is not "county business" within the meaning of the first section above set out has been conclusively decided by the

1.  courts of this state. *Mode* v. *Beasley* (1896), 143 Ind. 306, 42 N. E. 727; *Board, etc.* v. *State, ex rel.* (1896), 147 Ind. 476, 46 N. E. 908; *Swartz* v. *Board, etc.* (1901), 158 Ind. 141, 63 N. E. 31; *Board, etc.* v. *State, ex rel.* (1900), 155 Ind. 604, 58 N. E. 1037; *Board, etc.* v. *State, ex rel.* (1903), 161 Ind. 616, 69 N. E. 442.

We are aware that *Board, etc.* v. *State, ex rel.*, 147 Ind. 476, was overruled by *Board, etc.* v. *State, ex rel.*, 155 Ind. 604, but not upon this point. It simply holds that the court made a mistake in 147 Ind. 476, *supra*, in the application of the principle; that the act there involved did regulate county business; and that the legislature could not, by combining county business with the relocation of the county seat, make such a law valid when it was not separable. The case turns on a special assessment which made that act void under §1, Art. 10, of our Constitution.

It is also contended that *Board, etc.* v. *State, ex rel.* 161 Ind. 616, *supra*, by implication overruled *Mode* v. *Beasley, supra;* but an examination of that case discloses that the act there in question involved the building of a courthouse, and this could not be separated from the relocation provisions.

The act here in question does not pretend to regulate county business within the meaning of §22, Art. 4, of our Constitution. It simply provides for a petition by the voters for an election; for a bond by the petitioners to pay expense if the election fails; for an order and notice of election; for the order in which petitions shall be acted upon; for the appointment of clerks and judges of election; for a form of ballot; for a canvass of the

returns; for the per cent. necessary to carry the election. It also provides that if the vote is in favor of relocation, the county seat shall be removed, and the board of county commissioners shall provide a place for the officers and records, and the county council is authorized to make appropriations from time to time for the expenses. All matters pertaining to the construction of buildings, the kind of buildings, the purchase of real estate, the disposition to be made of the property at the old location, are left to the officers of the county under the general laws defining the powers and duties of boards of county commissioners and the county council. In other words, all of the county business is left to these general laws. We therefore hold the law in question valid under §22, Art. 4, of the Constitution.

The next question is, this not being "county business," Does §23 of Art. 4 apply, and shall this court determine that a general law can be made applicable?

2. This is not a judicial question. The legislative determination of the question as to whether a general law can be made applicable is final and conclusive on that subject, and is not to be reviewed by the courts. *Mode* v. *Beasley, supra,* 315, and authorities there cited.

The act is valid, and the court did not err in refusing the temporary injunction. The judgment is affirmed.

NOTE.—Reported in 119 N. E. 1001. See under (2) 12 C. J. 886.