## BOARD OF COMMISSIONERS OF JENNINGS COUNTY ET AL. *v.* BRANHAM.

[No. 23,689.   Filed May 10, 1923.]

1. COUNTIES.—*Relocation of County Seat.—Jennings County.— Election.—Contest.—Statute.*—In a proceeding under the act of 1913, Acts 1913 p. 906, §6, providing for an election on the question of relocating the county seat of Jennings County, although the law does not expressly authorize a contest of such election, the board of commissioners may go behind the returns, and inquire into the truth of the same, and adjudge the result of the election, either on the motion of the board or of any interested party, without regard to the general laws pertaining to election contests.   p. 198.

2. COUNTIES.—*Relocation of County Seat.—Jennings County.— Construction of Act.*—In the act of 1913, Acts 1913 p. 906, pertaining to the relocation of the county seat of Jennings County, that provision of §6 that the election held under said act shall be "conducted in all respects, returns made, votes canvassed and certified, and results declared, according to the law regulating general elections", has relation to the use of the official machinery to institute and carry on the voting, such as the preparation of the ballots, the care of the same, the delivery of the same to the proper officials, the opening and closing of the polls, the counting and canvassing of the votes, the proper records to be made of the same, the certification of the result as made by the election boards, and such result declared by the proper official.   p. 200.

3. ELECTIONS.—*Contest of.—Special Elections.—Relocation of County Seats.*—The general election law concerning contest of elections pertains to elections by popular vote, and notice is required to be given to the person whose election is contested, and this fact excludes from its operation special elections on the relocation of county seats.   p. 201.

4. COUNTIES.—*Relocation of County Seat.—Jennings County.— Election.—Contest.—Notice of Contest.*—An election held under the act of 1913, Acts 1913 p. 906, §6, providing for holding an election on the question of relocating the county seat of Jennings county, which resulted in a majority vote in favor of relocation, may be contested by any interested person, without notice to the petitioners for such election, the board of county commissioners having continuing jurisdiction, without special notice of each step taken in such proceeding, and it may go behind the returns to determine the correctness of the certified result.   p. 201.

5. COUNTIES.—*Relocation of County Seat.*—*Jennings County.*— *Contest of Election.*—*Power of Courts.*—An election held under Acts 1913 p. 906, §6, for the relocation of the county seat of Jennings County, could be contested, either at a regular meeting of the board of commissioners, or, when 60 per cent. of the vote was in favor of the relocation, at a special session called by the county auditor, pursuant to §9 of said act, either on its own initiative or by virtue of a proceeding instituted by a voter or taxpayer protesting the election, and it is not within the power of the courts, at a suit in equity, to prevent, by injunction, the board of commissioners from exercising this legal right. p. 202.

From Jennings Circuit Court; *Lawson N. Mace*, Special Judge.

Action by Garret Branham against the Board of Commissioners of Jennings County and others. From a judgment granting a temporary injunction, and ordering that the clerk of the Jennings Circuit Court be restrained until final hearing from destroying or doing away with the ballots, poll lists, tally sheets, notices, affidavits, and other records and papers pertaining to the special election on the question of relocating the county seat of said county, the appellants appeal. *Affirmed.*

*F. E. Little, William Fitzgerald, H. C. Meloy, W. S. Matthews, H. L. Matthews, John Clerkin, Joseph W. Verbarg* and *Montgomery & Montgomery*, for appellants.

*John M. Lewis, Hanna & Daily* and *George H. Batchelor*, for appellee.

TRAVIS, C. J.—This is a suit for injunction instituted by the appellee, founded upon his verified written statement, filed with the auditor of the county, protesting the legality of a special election for the removal of the county seat of Jennings County, praying that appellants be restrained from continuing the threatened acts enumerated, and for an order of the court impounding the

ballots, poll lists, and all papers and records pertaining to a special election held pursuant to the order of the board of commissioners under and by virtue of the acts of 1913, Acts 1913 p. 906, for the removal of the county seat of Jennings County.

July 3, 1916, Joseph D. Cone and others filed with the auditor of Jennings County a petition praying for an election upon the question of relocating the county seat of said county at North Vernon, in response to which an election was ordered to be held September 26, 1916. On July 17, 1916, Crist and others sued for a temporary injunction to prevent the holding of such election, the application for which was denied, which denial, on appeal to the Supreme Court, was affirmed. (*Crist* v. *Molony* [1918], 187 Ind. 614.) Thereafter, the plaintiffs dismissed their said suit before final judgment, which was followed by the order of the board of commissioners, by virtue of the petition of Cone and others that the election be held July 22, 1919, upon which date, the election was held. The canvass of the vote, as certified to the auditor of said county by the clerk of the circuit court, showed that 2,232 votes were cast for, and 1,404 were cast against, the relocation of said county seat. August 1, 1919, appellee filed with the auditor of said county his verified statement in writing, protesting the legality of said election, the correctness of the returns, and of said certificate, and contesting said election. The auditor thereupon issued a notice to the board of commissioners to meet on August 18, 1919, to hear said contest, but the said board did not meet on said day pursuant to such notice. Thereafter, September 2, 1919, appellee appeared before the board of commissioners at its regular session and demanded that it hear, or fix a date for the hearing of, the said contest, which demand was refused. October 14, 1919, appellee filed his complaint in this action pray-

ing for an injunction, which, upon the hearing, was sustained by the trial court by granting the temporary injunction as prayed, ordering that the auditor of said county be enjoined and restrained until the final hearing of the case, from calling the defendant (the board of commissioners) in special session, for the purpose of making and entering an order that the county seat be relocated at the city of North Vernon, pursuant to the certificate of the result of such special election, and restraining them from ordering, pursuant to the certificate of election aforesaid, the relocation of said county seat, and that the defendant, the clerk of the Jennings Circuit Court, be restrained until the final hearing from destroying or doing away with the ballots, poll lists, tally sheets, notices, affidavits, and other records and papers pertaining to the said special election, now in the custody and keeping of said defendant, and that he, the said clerk, is by said order commanded and required, until the final hearing of this cause, to safely keep and preserve said ballots, poll lists, tally sheets, affidavits, and other records and papers pertaining to said election, subject to the order of the court. From such order, this appeal is taken.

The error assigned is: that the trial court erred in granting the temporary injunction. Appellants, to sustain the error assigned, contend: (1) the special act under which the election was held contains no provision which authorizes a contest of the result of such election as certified by the clerk of the circuit court; (2) the general election laws which provide for the contest of an election to a public office, do not authorize a statutory contest of the special election in question; (3) the special act in question, not expressly authorizing a contest of an election thereunder, no contest can be held under the general statutes governing elections to public offices; (4) the board of

commissioners having no jurisdiction of the subject-matter and none having been acquired over the persons of the contestees (the petitioners for such election), it follows that the appellee has no legal or equitable rights upon which to support an injunction suit; (5) but that the board of commissioners is authorized to go behind the returns of such special election and determine whether or not, in fact, the required vote has been legally cast; and (6) the board of commissioners may assume such jurisdiction to go behind the returns only at the special session called by the auditor, as provided in section 9 of the act.

In order that such special election may be contested under the provisions of the general election law, the special act for such special election must provide therefor. The only language pointed to which might grant such right is: "Such election shall be conducted in all respects, returns made, votes canvassed and certified, and results declared, according to the law regulating general elections." Acts 1913 p. 906, §6.

A former act which provided for the holding of a special election, provided that: "in all matters and proceedings not herein otherwise specified, all the provisions, * * * of the general election laws of the state shall apply as far as the same are applicable." §8323b Burns 1914, Acts 1911 p. 369, §10. It will be noted that the provision referred to of the act of 1911 is quite similar to that part of §6 of the act in question, which says: "Such election shall be conducted in all respects * * * according to the law regulating general elections." According to a long line of cases decided by this court, the appellee herein is not precluded from contesting this election for the reason that the act permitting the election does not contain the provision to contest the election within itself, or that it does not specifically authorize a contest under the

general election laws. The board of commissioners has the right to go behind the result of the election as certified by the proper officers in special elections, wherein the proceeding upon which the election is based is instituted by the board of commissioners, such as proceedings for the construction of free gravel roads, and in the aid of construction of railroads by making donations, to prohibit the sale of intoxicating liquors under local option election, where the result of such elections depends on the majority of the legal votes cast at such election, and to inquire into the correctness and legality of the acts complained of concerning such election, either upon the motion of such board or upon the action, in the nature of a contest of such election, by any person interested therein, and to adjudge the number of legal votes cast and the result of such election.

Concerning a special election, held by virtue of said act of 1911, Acts 1911 p. 369, *supra,* it has been held that the board of commissioners had jurisdiction and authority to go behind the election returns, and inquire into the truth of the same, without the aid of the general election law pertaining to contests of elections, from which it is concluded that the board of commissioners may go behind the returns of a special election held by virtue of the act in question, and inquire into the truth of the same, and find the number of legal votes cast, and adjudge the result of such election, and that it was not the legislative intention that the general election law which relates to contests should apply. *Galvin* v. *Logan* (1914), 182 Ind. 647; *Jay* v. *O'Donnell* (1912), 178 Ind. 282; *Strebin* v. *Lavengood* (1904), 163 Ind. 478; *Goddard* v. *Stockman, Treasurer* (1881), 74 Ind. 400.

The conduct of the election as provided in §6 (Acts 1913 p. 906) has relation to the use of the official
2.  machinery to institute and carry on the voting, where not otherwise provided for in the act,

such as the preparation of ballots, the care of the same, the delivery of the same to the proper officials, the opening and closing of the polls, the counting and canvassing of the votes, the proper records to be made of the same, the certification of the result as made by the election boards, and such result declared by the certificate made by the proper official.

It may be noted that the act itself is silent as to any direct provision for a contest of the result of such special election. The general election law concerning contest of elections pertains particularly to any person declared elected by popular vote, and the person whose election is contested shall be known in a contest as the contestee, and provides for notice to him. It will be perceived that if we grant that the word "person" is broad enough to include the defeated entity in an election of this kind, it would be quite impossible to give notice as provided by law to such defeated entity. The legislature knew that, in all special elections ordered by the board of commissioners, such board might legally go behind the returns of any such special election to contest the same, as construed by this court, and without notice to anyone of such action. *Strebin* v. *Lavengood, supra.*

Appellants maintain, under their fourth contention, as herein set forth, that appellee, by virtue of the proceeding instituted by him before the county commissioners, through his objection to the certification of the vote as made by the clerk of the Jennings Circuit Court, has grounded such proceeding solely upon the provisions of the general election laws governing contest of such election of public officers, and that, having failed to give notice under the general election law to each one of the persons who were petitioners for the removal of such county seat, that thereby the county commissioners had no jurisdic-

tion of the persons of such petitioners, whom appellants denominate "contestees", from which it would follow that there was no foundation for the equitable suit at bar for an injunction. Appellants' reasoning might apply if this suit were based upon such a contest. Appellee maintains that he is contesting such election under the inherent power of the board of commissioners in its judicial capacity to go behind the returns of this special election, either upon its own motion or upon the motion of any proper person interested in such election. *Strebin* v. *Lavengood, supra; Galvin* v. *Logan, supra.*

The board had jurisdiction of the subject-matter, by virtue of the proceeding, founded upon the petition for such relocation, and also, by virtue thereof, over each petitioner without a special notice of each step taken in such proceeding. By this reasoning, jurisdiction was complete in the board to go behind the returns of the special election to determine the correctness of the certified result.

As to procedure, appellants say, in their brief, "that the board of commissioners, may, and on proper application must, go behind the returns made and certified to it as the result of such election," but, at this juncture, appellants maintain, that by virtue of Acts 1913 p. 906, §9, the board of commissioners could acquire jurisdiction to so contest the election only by meeting in special session at the call of the auditor. To adhere to this contention would permit the right of contest to those opposed to, and deny a contest to those in favor of, the relocation, for the very patent reason, that the special meeting of the board cannot exist except upon the result of sixty per cent. of the vote in favor of relocation. The proceeding begun by the petition to relocate is before the board continually until the expiration of the time of the losing party to

appeal from the final order of the board therein. It will not be doubted that any voter or taxpayer, properly qualified, might have moved the board to go behind the election returns to contest the election had the vote failed to reach the 60 per cent. as provided. Appellants assert the right to contest, either on the initiative of the board, or upon formal complaint of any voter or taxpayer of the county. So, anyone having the necessary qualifications, may contest the election before the board at a regular session, in the event the election fails to carry by sixty per cent. for relocation; and likewise, the election may be contested at a regular session of the board, in the event the result as certified be sixty per cent. for relocation. But it does not follow that the board of commissioners could not, of its own motion go behind the election returns, as made and certified to it, at the special session, in obedience to the notice given by the auditor as provided in §9 (Acts 1913 p. 906) of the act, and further, that any citizen properly qualified has the right to invoke the power of the commissioners to go behind such election returns at this special meeting. The board of commissioners having the right in this instance to go behind the returns at the special session, either upon its own motion or upon complaint of this appellee, as already filed with the auditor, it is not within the power of the courts, at a suit in equity, to prevent by injunction the board of commissioners from exercising this legal right.

It is therefore held that the board of commissioners has jurisdiction to review and contest such special election, at a special meeting to be called by the auditor, as provided by this act, either upon its own initiative or by virtue of the proceeding instituted by appellee upon his verified statement in writing protesting the special election, in which appellee bases his right in this action.

It is, therefore, ordered that so much of the judg-

ment as temporarily enjoins the clerk of the Jennings Circuit Court from destroying, and to safely keep and preserve, the ballots, poll lists, tally sheets, certificates, affidavits, and other records and papers pertaining to the special election is affirmed, and it is further ordered that so much of the judgment as pertains to the auditor and the board of commissioners of Jennings county is reversed, and the temporary injunction in relation thereto is dissolved.