## BOARD OF COMMISSIONERS OF JENNINGS COUNTY ET AL. v. FETTER.

### [No. 23,688.   Filed May 31, 1923.]

1. PLEADING.—*In Abatement.—Striking Out.—Harmless Error.*—Where a plea in abatement was stricken out, on motion of the plaintiff, but the same pleading was introduced in evidence by the defendant, sustaining the motion to strike out was harmless error.   p. 295.

2. COUNTIES.—*Relocation of County Seat.—Jennings County.—Power of Court to Go Behind Returns.*—Under the special act of 1913, Acts 1913 p. 906, authorizing an election for the relocation of the county seat of Jennings county, the board of commissioners has the inherent power to go behind the returns of the election, as made by the certificate of the clerk of the circuit court to the auditor of the county, and determine the correct number of legal votes for and against said relocation, and this could be done either on the motion of any interested person, properly qualified, or on the motion of the board. p. 295.

3. COUNTIES.—*Relocation of County Seat.—Jennings County.—Questions for the Board of Commissioners.*—Under the special act of 1913, Acts 1913 p. 906, providing for the holding of an election for the relocation of the county seat of Jennings county, the board of county commissioners has the right to go behind the returns of the election made to the county auditor and determine the legality of the preparation of ballots and other irregularities in the election, including matters which affect the sufficiency of the petition.   p. 295.

4. COUNTIES.—*Relocation of County Seat.—Validity of Law.*—The relocation of a county seat is not "county business" within the provisions of Article 4, §22, of the Constitution, prohibiting special laws for the regulation of such business, so as to make a special law on that subject invalid.   p. 296.

5. CONSTITUTIONAL LAW.—*Special Law.—"County Business."*—The relocation of a county seat is not "county business" within the provisions of Article 4, §22, of the Constitution, prohibiting special laws for the regulation of such business, so as to make a special law on that subject invalid.   p. 296.

6. CONSTITUTIONAL LAW.—*Special or General Laws.—Legislative Discretion.*—Whether a general law can be made applicable to a specific subject so that a special law would be invalid under §23, Article 4 of the Constitution is a question of legislative discretion and not one of judicial determination.   p. 296.

7. COUNTIES.—*Relocation of County Seat.*—*Irregularities in Proceedings.*—*Power of Courts.*—When an election is held to determine whether a county seat shall be relocated, the board of county commissioners has exclusive original jurisdiction to determine whether there were irregularities which would invalidate the election, and the courts have no authority to determine such facts (except on appeal) and enjoin further proceedings. p. 297.

From Jennings Circuit Court; *Lawson N. Mace,* Special Judge.

Action by Fred Fetter against the board of commissioners of Jennings County and others for injunction. From an order granting a temporary injunction, the defendants appeal. *Reversed.*

*F. E. Little, William Fitzgerald, H. C. Melroy, W. S. Matthews, H. L. Matthews, John Clerkin, Joseph W. Verbarg* and *Montgomery & Montgomery,* for appellants.

*John M. Lewis, Hanna & Daily* and *George H. Batchelor,* for appellee.

TRAVIS, J.—This is an appeal from an interlocutory order granting a temporary injunction, relative to the removal of the county seat of Jennings county.

July 3, 1916, Joseph D. Cone and others filed with the auditor of Jennings county a petition praying for an election on the question of relocating the county seat of said county at North Vernon. The auditor immediately on said day referred the petition to the board of commissioners, then in regular session, who forthwith took said petition under consideration, and ordered an election to be held on September 26, 1916. July 7, 1916, Crist and others sued for a temporary injunction to prevent the holding of such election, the application for which was denied, which denial, on appeal to the Supreme Court, was affirmed June 27, 1918, and on

the —— day of December, 1918, dissolved its restraining order in said cause theretofore issued.  (*Crist* v. *Molony* [1918], 187 Ind. 614.)    Plaintiffs on the —— day of ————, 1919, dismissed their said suit before final judgment.   Thereafter, on the —— day of May, 1919, the board of commissioners, pursuant to the said petition of Cone and others, ordered a special election to be held in said county July 22, 1919.   The official returns of such election showed that 2,232 votes were cast for, and 1,404 votes were cast against, the relocation of said county seat.   The clerk of the circuit court certified such result to the auditor of said county, who thereupon filed said certificate with the other papers in said proceeding instituted before the board of commissioners by the petition aforesaid of Cone and others.

Appellee's complaint is in three paragraphs, the first of which proceeds upon the theory that the special election held July 22 is illegal and void and conferred no jurisdiction or authority upon the appellants, board of commissioners, the auditor and clerk of Jennings county, to proceed in the premises under authority of the returns of said election to relocate the county seat of Jennings county, for the reason, as alleged, that the order of said county commissioners setting the date for the special election was not made within the time provided by law; that the special election so ordered by the board of commissioners was not held within the time provided by law; and that, by the order of the board of commissioners appellant auditor of Jennings county, caused the ballots for said election to be printed, which ballots after being printed were delivered to said auditor; that a sufficient number of applications for absent voters' ballots was not provided; and that appellant, clerk of the Jennings Circuit Court, furnished applications for the use of absent voters favoring relocation, but refused applications to applicants known to

be against relocation in time to enable such applicants
to cast their votes; that the board of commissioners
failed to provide a suitable room in each precinct in
which to hold said election, and that the voting places
prior to said election were not designated and notice
thereof given by publication; and charged further that
the board of commissioners and the petitioners for such
removal of said county seat had not complied with the
general laws concerning the relocation of county seats,
and that, in so far as the special act purports to dispense
with compliance with the general laws which pertain to
the relocation of county seats, the special act of 1913
(Acts 1913 p. 906) is unconstitutional and void as a
regulation of county business, with a prayer to enjoin
the commissioners and auditor from acting in the pro-
ceeding for such relocation.

The second and third paragraphs of complaint pro-
ceed upon the theory that, through a conspiracy of
certain precinct election officers in the nighttime pre-
ceding the day of election, the election paraphernalia
was removed from the regular polling place to another
secret place, and early in the morning of the election
day, persons favorable to relocation were called and
appointed to the places of the duly appointed election
officials who were opposed to relocation and before the
hour provided for opening the polls, and that, upon the
new location of such precinct being found by the elec-
tion officials opposed to relocation, such officials de-
manded their positions as such prior to six o'clock
a.m., the time for opening the polls, but were excluded
from such election room, and that no notice had been
given to the voters of the change of such voting place
in such precincts and that thereby many voters in each
of such precincts who were opposed to relocation were
prevented from voting at such election; that illegal votes
in favor of relocation were counted by several of the

election boards in said county, which fraudulently reported and certified a larger number of votes in favor of relocation and a smaller number of votes against relocation than were actually voted; and that such election officers returned such false and fraudulent election certificates to the board of canvassers; and that illegal votes in favor of the relocation were received and counted as legal votes, and legal ballots against relocation were counted and returned as votes in favor of relocation, and ballots favorable to relocation which were mutilated had been wrongfully counted in favor of relocation; and that ballots favorable to relocation had been, by such election officers, fraudulently substituted for legal ballots cast against relocation; and that the names of absent, dead, and fictitious persons, and persons who had not voted, were recorded as having voted; and that names of persons who had already voted were again recorded upon the poll lists and a corresponding number of fraudulent ballots in favor of relocation was made and placed in the ballot boxes as the vote of such persons; and that such ballots were counted, and ballots in favor of relocation were marked and placed in the ballot boxes without having been voted by any voter, all of which votes had been counted and returns made by the election officers and upon which the said certificate filed with the auditor was based.

The relief asked under the second and third paragraphs of complaint is that, upon the final hearing of this cause, the certificate of the result of the election be corrected and reformed to speak the truth, and that the defendant clerk of the Jennings Circuit Court, may be ordered and directed to make out and file with the defendant auditor of Jennings county a correct certificate of the result of said election; and praying for an injunction enjoining the auditor and the board of commission-

ers from acting in said proceeding for the relocation pursuant to the special act of 1913, Acts 1913 p. 906.

For answer to the complaint, the defendants filed their plea in abatement. Appellee moved to strike out the plea in abatement, for the reasons that it was filed after a full appearance to the action, and that the matters and things alleged in the plea go to the right of the plaintiff in the action and are not in abatement, and that the action is upon an application for a temporary injunction to which no answer of any kind is permitted under contemplation of the statute. The motion to strike out the plea in abatement was sustained by the trial court, and thereafter, the hearing for a temporary injunction was had upon the evidence, based upon the verified complaint on behalf of plaintiff, and an affidavit on behalf of defendants which was in the identical language of the plea in abatement, and other affidavits by members of the board of commissioners, clerk of the Jennings Circuit Court, members of election boards, and others, in denial of the facts alleged in the complaint. The court thereupon found for the plaintiff and that he was entitled to a temporary injunction as prayed, which was followed by judgment granting a temporary injunction.

Appellant assigns as errors: (1) that the court erred in sustaining appellee's motion to strike out the plea in abatement; (2) in granting the temporary injunction.

The plea in abatement, after alleging the date upon which said special election was held, the purpose thereof, and that it was held by virtue of the special act in question, quoted from that part of §9, Acts 1913 p. 906, of the act which relates to the canvass of the vote, the certificate of the result thereof by the clerk to the auditor, and the filing thereof with the petition

and other papers in the proceeding for such relocation, and the call to be made by the auditor for the board of commissioners to convene in the event sixty per cent. of the votes were in favor of relocation, and that the board of commissioners enter such certificate upon their records and order the relocation as prayed in the petition. Following the quotation, the plea asserted the fact of the granting of the temporary restraining order by the court, and followed with the conclusion that the special act in question confers exclusive jurisdiction in the first instance upon the board of commissioners to determine and to decide whether or not sixty per cent. of the votes cast at such election were in favor of relocation; and that, because of being restrained by the court, the board of commissioners had not met pursuant to a notice by the auditor as provided by the act, and thereby had not acquired jurisdiction over the subject-matter to determine the result of said election; and the further conclusion, that until the result of said election shall be determined by the board of commissioners, no other court, in either law or equity, has or can acquire jurisdiction to hear and determine the result of said election, or to contest the same. This plea is not founded upon facts extrinsic to the complaint which it attacks, so that an issue may be had thereon and tried, but merely quotes the fact of the holding of the election as stated in the complaint and the quotation from the act itself, followed by the fact that the temporary restraining order had been issued, upon which it rested the conclusions of law as stated; all of which facts as alleged were before the court, notwithstanding the plea and the conclusion of the pleader merely aimed at the right to maintain the action. The conclusion of the plea determines its nature. *Pitts Sons Mfg. Co.* v. *Commercial Nat. Bank* (1887), 121 Ill. 582, 13 N. E.

156; *Culver* v. *Johnson* (1878), 90 Ill. 91; *Greer* v. *Young* (1887), 120 Ill. 184, 11 N. E. 167.

It is to be noted that after the plea in abatement was stricken out, appellants filed the identical instrument as part of its evidence in defense of appellee's 1. prayer for temporary injunction. The court assumed jurisdiction of the subject-matter, which was all that it could have done by a finding adverse to appellants upon the plea in abatement, could it have been regularly tried. This plea did not affirm matter extrinsic to the complaint which could abate the action; it denied the complaint to bar the action. The ruling of the court sustaining the motion to strike out the plea in abatement was not erroneous.

The board of commissioners, by virtue of the proceeding instituted by the petition for the relocation of the county seat, had the inherent power to go 2. behind the returns of the election, as made by the certificate of the clerk of the circuit court to the auditor of the county, and ascertain and purge the polls of all illegal ballots voted. The election could be carried or defeated only by legal ballots, and the commissioners had the right, either at a regular session or at the special session, upon the call of the auditor as provided in the act, either upon its own motion or the motion of any interested party properly qualified, to examine into and to determine the question of the legality of the votes. *Board, etc.*, v. *Branham* (1923), *ante* 195; *Galvin* v. *Logan* (1914), 182 Ind. 647; *Strebin* v. *Lavengood* (1904), 163 Ind. 478; *Goddard* v. *Stockman, Treas.* (1881), 74 Ind. 400.

Concerning the first paragraph of complaint, the board of commissioners has the right to try and determine the question of the legality of the preparation 3. tion of the ballots alleged to have been used for such election, and also any matters alleged which

attack the sufficiency or validity of the petition for such relocation. *Current* v. *Luther* (1904), 164 Ind. 252. Under which authority such board had the right to determine the legality of any other irregularity in the election alleged in appellee's first paragraph of complaint.

But appellee makes his first vigorous attack upon the special act itself as being in violation of the general laws relative to the relocation of county seats, as a regulation of county business, and thereby being in contravention of the provisions of Art. 4, §22 of the Constitution.

Against the contention that the special act under consideration is void because in conflict with Art. 4, §22, of the Constitution pertaining to the regulation of county and township business, it is deemed that the question is settled in this state that such is not the correct conclusion. *Mode* v. *Beasley* (1896), 143 Ind. 306. Furthermore, the question of this special act being in violation of Art. 4, §22, Constitution, as stated, has been before this court and decided contrary to the contention of appellee. *Crist* v. *Molony, supra.*

It is also maintained that the special law is void because in violation of Art. 4, §23, of the Constitution. Such contention is not without merit if held to a time prior to 1868, under the rule as laid down by this court in the case of *Thomas* v. *Board of Commissioners* (1854), 5 Ind. 4. Upon the authority of numerous decided cases from this court, and from the courts of other states which have constitutional limitations akin to the one here in question, the rule is firmly fixed that the question whether or not a general law can be made applicable, or that a special law is in violation of said section of the constitution because a general law can be made applicable, is necessarily one of legislative discretion, and not one of judicial determination. *Mode*

v. *Beasley, supra; Clark* v. *Jack* (1877), 60 Ala. 271.

This question in relation to this special act has been before this court and decided contrary to the contention of appellee. *Crist* v. *Molony, supra.*

The court now adheres to its position and opinion upon the constitutional questions raised as rendered in the case of *Crist* v. *Molony, supra.* All other questions in either of the three paragraphs of complaint can be tried and determined by the board of commissioners under a protest of the election held, from which determination and judgment rendered by the board of commissioners, appellee will have his right to appeal. There being no question properly before the trial court which might not be rightfully tried and determined before the board of commissioners in this special proceeding for the relocation of the county seat, the trial court is without authority to determine the irregularities as alleged concerning such special election, and therefore erred in granting the temporary injunction.

Judgment reversed, with instructions to dissolve the temporary injunction.