### GANNON, AUDITOR, *v.* STATE, EX REL.

[No. 24,618. Filed November 6, 1924. Rehearing denied January 28, 1925.]

1. COUNTIES.—*County Seat.—Removal.—Election.—Power of County Commissioners to Review.*—After an election held under the provisions of the act of 1913 (Acts 1913 p. 906) submitting the question of the removal of the county seat of Jennings county, the board of commissioners had the power, either on the motion of a voter or taxpayer or on its own initiative, to go behind the election returns, to purge the returns of all illegal ballots cast and find the number of legal votes and how they were voted, and to adjudge the result of such election. p. 598.

2. COUNTIES.—*County Seat.*—*Removal.*—*Election.*—*Appeal from Decision of Board of Commissioners Declaring Result:*—An appeal may be taken from the decision of the board of commissioners in declaring the result of an election under the act of 1913 (Acts 1913 p. 906) on the question of relocating the county seat of Jennings county, as the action of the board is judicial and the act does not forbid the taking of an appeal. p. 600.

3. COUNTIES.— *County Seat.*— *Relocation.*— *Election.*— *Appeals from Board of Commissioners.*—*Statute.*—An appeal does not lie from the action of the board of commissioners in ordering or refusing to order an election under the act of 1913 (Acts 1913 p. 906) for the relocation of the county seat of Jennings county, as the action of the board is ministerial and not judicial, but an appeal may be taken from the determination of the board as to the number of legal votes cast and whether sixty per cent. of the legal votes cast were in favor of relocation, as such action is judicial, and the appeal is authorized by the general statute authorizing appeals from the decisions of boards of commissioners (§6021 Burns 1914, §5772 R. S. 1881).  p. 600.

From Jennings Circuit Court; *John W. Craig,* Special Judge.

Action of mandate by Garrett Branham as relator against Wilbur N. Gannon, as auditor of Jennings county.  From a judgment for relator, the defendant appeals.  *Affirmed.*

*F. E. Little, William Fitzgerald, H. C. Meloy, W. S. Matthews, John Clerkin, Joseph W. Verbarg* and *Montgomery & Montgomery,* for appellant.

*Baker & Richman, Hanna & Daily* and *George H. Batchelor,* for appellee.

EWBANK, J.—Appellee, as a taxpayer of Jennings county, brought an action of mandamus to compel appellant, in his capacity as auditor of the county, to approve an appeal bond and certify to a transcript of the proceedings before the board of commissioners in the matter of ascertaining and declaring the result of an election to determine whether or not the county seat

should be relocated, alleging that he desired to appeal from the action of the board. A demurrer to the complaint was overruled, and upon the refusal of defendant to answer further, an order was entered that the appeal bond be received, filed and approved, and that a transcript of the proceedings be certified to the circuit court, as prayed. The only question presented by the record or discussed by counsel is whether or not an appeal can be taken or maintained in such a proceeding under the act for the relocation of the county seat and seat of justice of Jennings county (Acts 1913 p. 906).

It has been decided that the board of commissioners had power, either upon motion of a voter or taxpayer or upon its own initiative, to go behind the returns of a special election held by virtue of the act in question, to purge the returns of all illegal ballots cast and find the number of legal votes and how they were voted, and to adjudge the result of such election. *Board, etc.,* v. *Branham* (1923), 193 Ind. 195, 139 N. E. 313; *Board, etc.,* v. *Fetter* (1923), 193 Ind. 288, 139 N. E. 451. In the case last cited, the court after deciding certain of the questions there presented, said: "All other questions in either of the three paragraphs of complaint can be tried and determined by the board of commissioners under a protest of the election held, from which determination and judgment rendered by the board of commissioners appellee will have his right of appeal." *Board* v. *Fetter, supra.* But counsel for appellant insist that this was *obiter dictum,* and that the law is otherwise. The general statute providing for the organization of boards of commissioners and defining their jurisdiction, enacted in 1852, provides that "from any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved." §6021 Burns 1914, §5772 R. S. 1881. The interpretation that has been uniformly

given to this statute was thus expressed by the Supreme Court: "Where the duty of the commissioners involves judicial action, an appeal lies from its judgment, unless the right of appeal is denied expressly or by necessary implication from the statute creating the duty. Where that duty does not involve judicial action, but consists in the performance of administrative, ministerial or discretionary powers, no appeal lies from such action, unless it is expressly authorized by statute." *Board, etc.,* v. *Davis* (1894), 136 Ind. 503, 505, 36 N. E. 141, 142, 22 L. R. A. 515. Accordingly, it was held that where a board of commissioners had acted under authority of statutes providing that upon presentation of a petition signed by two-thirds (or three-fifths) of the legal voters of the county, it should make an order relocating the county seat at the place thus petitioned for (Acts 1855 p. 53, as amended by Acts 1858 p. 33, Acts 1861 p. 103 and Acts 1869 p. 8) no appeal would lie from its action. *Bosley* v. *Ackelmire* (1872), 39 Ind. 536; *Board, etc.,* v. *Smith* (1872), 40 Ind. 61; *Cole* v. *Howard* (1877), 56 Ind. 330.

And where a statute provided that upon presentation of a petition by freeholders and legal voters of the county, setting forth certain facts and asking that an election be held for the purpose of determining whether or not the county seat should be relocated, and upon the filing of a proper bond, the board of commissioners should make an order calling a special election for that purpose, the court held that no appeal would lie under the general statute, because, the court said: "It is manifest that under its provisions the board was not invested with judicial functions." *Board, etc.,* v. *State, ex rel.* (1897), 147 Ind. 476, 494, 46 N. E. 908, 913.

But this court has many times decided that where a question was submitted to popular vote for decision, and the board of commissioners acted in a judicial ca-

pacity in determining whether or not a majority of the legal votes were cast in the affirmative, an appeal to the circuit court might be taken from its decision. *Goddard* v. *Stockman, Treasurer* (1881), 74 Ind. 400, 408; *Board, etc.,* v. *Conner* (1900), 155 Ind. 484, 490, 493, 58 N. E. 828, and authorities cited; *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 482, 71 N. E. 494; *Galvin* v. *Logan* (1914), 182 Ind. 647, 649, 106 N. E. 871. Neither expressly nor by necessary implication does the act under consideration forbid the taking of an appeal, and, under these authorities, an appeal lies to the circuit court. Therefore, no error was committed in mandating appellant to do the official acts in his capacity as county auditor which were necessary to the taking of such appeal.

The judgment is affirmed.

### ON PETITION FOR REHEARING.

EWBANK, J.—The act for the relocation of the county seat and seat of justice of Jennings county (Acts 1913 p. 906) provides in the first section that upon presentation of a proper petition, signed by the required number of voters and freeholders, the board of commissioners shall order an election to be held. Obedience to this provision would not involve judicial action, and, under the authorities, an appeal would not lie from such an order, but the remedy for wrongful action of the commissioners in ordering or refusing to order an election would be something else than an appeal, if there were any remedy. *Board, etc.,* v. *State, ex rel.* (1897), 147 Ind. 476, 494, 46 N. E. 908. But the act further provides, by §6, that if an election is ordered, "such election shall be conducted in all respects, returns made, vote canvassed and certified, and results declared according to the law regulating general elections," except in the

matter of providing election judges and clerks. That being so, an appeal under the general statute might be taken from the determination by the board of commissioners, upon canvassing the vote, of the judicial questions whether or not the votes counted by the returning boards were legal and were correctly counted and returned, and whether or not sixty per cent. (60%) of the legal votes cast and lawfully entitled to be counted were in favor of such relocation. *Galvin* v. *Logan* (1914), 182 Ind. 647, 649, 106 N. E. 871.

The petition for a rehearing is overruled.