STATE EX REL. SINK ET AL. *v.* CIRCUIT COURT OF
CASS COUNTY ET AL.

[No. 27,080. Filed June 24, 1938.]

*Been & McCormick, Cartwright, Wason & Carr,* and *Addison K. Sills,* for appellants.

*Smith & Smith, A. D. Bishop,* and *Louis B. Ewbank,* for appellee.

PER CURIAM—The relators filed their petition for a writ of prohibition herein and in substance aver that on the 6th day of July, 1937, there was filed with the Board

of Commissioners of Carroll County, State of Indiana, a petition asking for a division of Rock Creek Township, Carroll County, Indiana. The petition is set out in full in said petition.

The petition filed with said board was signed by more than fifty per cent of the resident free holders of said Rock Creek Township. The hearing was had on said petition before said board of commissioners and on July 20th, 1937, they entered an order and granted the prayer of the petition and established the boundries of the newly created township which was designated as Liberty Township, and appointed a township trustee and the advisory board of the newly created township who took their respective oaths of office, tendered their bond which was approved and otherwise qualified as such officers as of said newly created township of Liberty in said county.

From this order Harry A. Temple, Everett E. Flora, Carl M. Million, and Delmar Galbreth, attempted to appeal to the Circuit Court and filed an affidavit showing that each was a resident freeholder and taxpayer of Rock Creek Township, Carroll County, Indiana, and they also filed a bond for cost with the auditor of said county. Thereafter the auditor of Carroll county filed a transcript of the proceedings mentioned above with the clerk of the Carroll Circuit Court. On the 13th day of September, 1937, said citizens of the aforesaid Liberty Township, Carroll County, Indiana, filed a written motion to dismiss said appeal and Gardner Martin who was appointed trustee of Liberty Township also filed a motion to dismiss said appeal, but on said 13th day of September, 1937, the said Harry A. Temple, Everett E. Flora, Carl M. Million, and Delmar Galbreth, filed an application and motion for a change of venue from said Carroll County, which motion was sustained and the venue of said pretended appeal was

changed to the Cass Circuit Court and docketed "In the matter of the Division of Rock Creek Township, Harry A. Temple, Rock Creek Township, Carroll County, Indiana, Everett E. Flora, Carl M. Million, appellants vs. The Board of Commissioners of the County of Carroll, Carl C. Overholser, Ulysses G. Campbell and Lahrie Guthrie, Commissioners, Wade Farr, Auditor Carroll County, Indiana, Gardner Martin, Floyd Shaffer, Russell Sink, Walter Martin, John Mills, Benjamin Been, appellees, number 25609."

That on March 7th, 1938, John B. Smith, Judge of the Cass Circuit Court, overruled the motion to dismiss the appeal and the petition further alleges that the said John B. Smith as Judge of the Cass Circuit Court is assuming, and will unless prohibited by this court, assume to exercise jurisdiction of said pretended appeal to enter orders therein.

Upon the foregoing facts this court issued an alternative writ whereupon said respondent filed his answer wherein he contends that he as Judge of the Cass Circuit Court has jurisdiction; that said action before the Board of Commissioners was a judicial proceeding from which as appeal to the circuit court will lie. This is the controlling question in this original action.

There is no statute in this state specifically authorizing an appeal in proceedings of this character. The only statute is the general statute relating to appeals from any decision of the Board of Commissioners. See: sections 26-820 and 26-901 Burns' Statutes 1933, §§5275, 5277 Baldwin's 1934; but it was held in *Hastings* v. *Board of Commissioners* (1933), 205 Ind. 687, 188 N. E. 207: that, "any decision" meant any *judicial* decision, and further held that if the action by the board was a judicial act there was a right of appeal, but if the action of the board was administrative or ministerial no right of appeal existed unless expressly

authorized by statute. In the case of *Gannon, Auditor* v. *State ex rel.* (1925), 195 Ind. 596, 145 N. E. 283, 146 N. E. 329, this court said (pp. 598, 599):

"The interpretation that has been uniformly given to this statute was thus expressed by the Supreme Court: 'Where the duty of the commissioners involves judicial action, an appeal lies from its judgment, unless the right of appeal is denied expressly or by necessary implication from the statute creating the duty. Where that duty does not involve judicial action, but consists in the performance of administrative, ministerial or discretionary powers, no appeal lies from such action, unless it is expressly authorized by statute.' "

It is conceded by the respondent that there is no statute expressly authorizing an appeal in this case and therefore if an appeal can be taken it must be taken under the above general statute. We must therefore decide whether or not the action of the board of commissioners in changing the boundry of a township is a judicial action or whether it is ministerial or administrative. It is true that the board of county commissioners possess judicial powers in connection with matters involving the interest of the county and in that respect the board is regarded as a court of inferior or limited jurisdiction. See: *The State ex rel. Hord* v. *The Board of County Commissioners of Washington County* (1885), 101 Ind. 69.

And it is also true that administrative and executive officers are frequently called upon in the performance of their duties to exercise judgment and discretion, to investigate, deliberate and decide, and yet it has been held that in so doing they do not exercise judicial powers within the meaning of the Constitutional provision: *State* v. *Illinois Central Railway Company* (1910), 246 Ill. 188, 92 N. E. 814. The authority to ascertain facts and apply the law to the facts when ascertained often devolves upon other de-

partments than judicial. Judgment and discretion are required often of every public official and it is difficult to draw the precise line separating the judicial from other departments of government. Judicial power does not apply to actions where judgment is exercised as incident to the execution of ministerial powers. See: *Owners of Land* v. *People*, (1885), 113 Ill. 296. The statute, section 26-701 Burns 1933, §16055 Baldwin's 1934, provides: that the board of county commissioners "May from time to time make such alterations from the number, names and boundaries of such township as they may deem proper" and by section 26-705 Burns 1933, §16059 Baldwin's 1934, it is provided that the present boundary lines of townships shall in no way be changed or altered unless a majority of the freeholders of the townships affected therein shall sign a petition requesting the board of commissioners to make such change. In the case of *Territory of Washington ex rel.* v. *Stuart et al.* (1890), 1 Wash. 98, 23 Pac. 405, 8 L. R. A. 106, the court held that the creation of a political subdivision was purely a legislative function and that an act of the legislature which attempted to delegate to a judicial court such power was void.

We think it is clear that the board of commissioners in dividing Rock Creek Township and fixing the boundary of the newly created township was performing a ministerial or governmental function and that no judicial question was involved, and being no judicial question no appeal will lie from the action of the board, and therefore the circuit court obtained no jurisdiction by the attempted appeal.

The alternative writ heretofore issued is made permanent.